STATE OF HAWAII, Plaintiff-Appellant, *v.* JAMES THOMAS STONE, Defendant-Appellee

NO. 8248

(CRIMINAL NO. 6465)

SEPTEMBER 29, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT AND HAYASHI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from an order dismissing an indictment for pretrial delay pursuant to Rule 48(b), Hawaii Rules of Penal Procedure. We affirm.

Appellee was arrested on either April 13 or 14, 1979 and charged with two counts of Assault in the First Degree committed on April 12, 1979 at Carvalho Park on the Island of Hawaii. He posted bail, and, on April 16, 1979, demanded a preliminary hearing. Siosifa Talakai, one of the alleged victims, died April 17, 1979. On May 7, 1979, the scheduled date for the preliminary hearing, the deputy prosecuting attorney moved for and was granted a dismissal of the two assault counts without prejudice.

On November 13, 1980, appellee was indicted by the grand jury on two counts of Attempted Assault in the First Degree involving the same incident. Trial was set to commence January 19, 1981. Appellee moved to have the charges dismissed because of alleged violations of Rule 48, Hawaii Rules of Penal Procedure (HRPP) and his constitutional right to a speedy trial. His motion was granted on February 27, 1981.

Rule 48(b), Hawaii Rules of Penal Procedure provides:
Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:
> (1) the date of arrest or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; . . .

Rule 48(c), HRPP, provides for the exclusion of certain periods of time from the calculation of the six-month period. None of those are apposite in this case.

This is not a case such as *State v. Johnson,* 62 Haw. 11, 608 P.2d 404 (1980) where there was an investigatory arrest *only* without a charge. Here, appellee was charged. That being so, the clear mandate of Rule 48(b), HRPP, applies and there was no error in granting the motion to dismiss. Consequently, we do not reach the constitutional issues raised.

Affirmed.

*Eleanor Mirikitani* on the opening brief and *Jay T. Kimura* on the reply brief, Deputy Prosecuting Attorneys, for appellant.

*Daphne E. Barbee,* Deputy Public Defender, on the brief for appellee.