STATE OF HAWAII, Plaintiff-Appellant, *v.* JOHN DOMINUS HOLT, Defendant-Appellee

NO. 9309

(CRIMINAL NO. 7264(1))

JULY, 18, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from a dismissal of an indictment for delay under Rule 48(b)(1), HRPP. Appellee was charged and, on the date of the preliminary hearing, the charge was dismissed. Eighteen months later, an indictment was issued. The crimes alleged in the charge and in the indictment were the same.

The State contends under Rule 48(c)(6), HRPP, that the eighteen-month delay is excluded from the allowable delay period under Rule 48(b), HRPP. Rule 48(c)(6) provides:

the period between a dismissal of the charge by the prosecutor to the time of arrest or filing of a new charge, whichever is sooner, for the same offense or an offense required to be joined with that offense; . . . .

Appellee contends that the application of Rule 48(c)(6), HRPP, is foreclosed by *State v. Stone*, 65 Haw. 308, 651 P.2d 485 (1982). In *Stone*, however, the original charge was assault in the first degree and the indictment charge was attempted assault in the first degree. The public defender, representing the appellee, argued in that case that because of the difference between the crime alleged

in the charge and the indictment, Rule 48(c)(6), HRPP, was inapplicable. We agreed.

The public defender, in this case, argues that the difference in the crimes charged had no bearing in the *Stone* case, despite having successfully argued in that case that that difference was decisive. The present argument does not reflect well on the candor of appellee's counsel.

Be that as it may, the provisions of Rule 48(c)(6) are clear and unambiguous. They apply to this case and exclude the period between the dismissal of the charge and the indictment. Accordingly, the order below is reversed and the case remanded.

*Artemio C. Baxa,* Deputy Prosecuting Attorney, on the briefs for appellant.

*Michael K. Tanigawa,* Deputy Public Defender, on the brief for appellee.