**STATE OF HAWAII**, Petitioner–Appellee, v. **VALENTIN BALAURO**, Respondent–Appellant

NO. 14964

(CR. NO. 90–0029)

MARCH 19, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

This case comes to us by way of an application for a writ of certiorari to review the Intermediate Court of Appeals' (ICA) memorandum opinion, *State v. Balauro*, No. 14964 (Nov. 12, 1991). The ICA perceived a divergence between our holding in *State v. Stone*, 65 Haw. 308, 651 P.2d 485 (1982), and Hawaii Rules of Penal Procedure (HRPP) Rule 48. We granted certiorari to clarify the application of HRPP Rule 48, as it applies to a defendant who is charged with a violation of the law when that charge is subsequently dismissed but the defendant is later charged with violations of the law which should properly be joined with the originally dismissed charge. The Intermediate Court of Appeals, in its memorandum opinion *State v. Balauro*, *supra*, reluctantly reversed the ruling of the lower court in light of our opinion in *State v. Stone*, 65 Haw. 308, 651 P.2d 485 (1982).

We hold that Rule 48(c)(6) excludes the period of time when no charges that could have been joined with dismissed charges are pending against the defendant and that the time accrued on the first charge under HRPP 48(b)(1) is applicable to the second charge. To the extent our opinion in *State v. Stone*, 65 Haw. 308, 651 P.2d 485 (1982), is inconsistent with Rule 48(c)(6) we overrule *Stone*.

Therefore, we remand this case to the Intermediate Court of Appeals so that they might rule on other issues raised in this appeal.

I.

Defendant was arrested during a gambling raid on March 18, 1989, and served with a citation ordering him to appear in court on April 19, 1989 for a trial on the charge of gambling, in violation of Hawaii Revised Statutes (HRS) § 712–1223 (1985). Defendant was then released. Defendant appeared for trial on April 19, 1989. At that time the State's motion to dismiss the charge without prejudice was granted.

On March 19, 1990, defendant was indicted for Promoting Gambling in the First Degree, HRS § 712–1221 (Supp. 1990), and Possession of a Gambling Device, HRS § 712–1226 (1985). These charges arose from the same activity as did the citation issued on March 18, 1989. It is undisputed that these charges were for offenses "based on the same conduct or arising from the same criminal episode" to which Rule 48(b)(1) refers. *See State v. Ferraro*, 8 Haw. App. 284, 291, 800 P.2d 623, 628 (1990) (quoting ABA Standards of Criminal Justice (ABA Standards) Relating to Speedy Trial 12–2.1 through 2.3 commentary to Rule 48: " 'Episode' means 'an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series.' ")

Defendant filed a motion to dismiss the indictment claiming that his constitutional rights to a speedy trial, as guaranteed by the United States Constitution and the Hawaii State Constitution, were violated. Defendant further complained that under Rule 48, the time period during which no charges arising out of the incident were pending, was not excludable under Rule 48(b)(1).[1] Defendant's motion was denied by the trial court and trial commenced on August 22, 1990. Defendant was convicted of Promoting Gambling in the Second Degree, a lesser included offense of Promoting Gambling in the First Degree. Defendant was sentenced to one year probation with special terms and conditions.

---

[1] HRPP Rule 48(b)(1) states:

> (b) **By Court.** Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

> (1) the date of arrest or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; . . . .

## II.

We believe that the reasoning of our opinion in *State v. Holt*, 67 Haw. 246, 684 P.2d 971 (1984), is equally applicable to the situation in this case. In *Holt*, the initial charges against the defendant were dismissed and eighteen months later, an indictment was issued. We held that the provisions of Rule 48(c)(6) are clear and unambiguous, and that they exclude the period between the dismissal of the charge and the indictment. However, in an earlier decision, *State v. Stone*, 65 Haw. 308, 651 P.2d 485 (1982), we held that where the subsequent charges were different, the time period between the dismissal of the charge and the indictment were not excludable, in deference to Rule 48(b)(1). *See State v. Holt, supra.* Our holding in that case ignored the relevant language in Rule 48(c)(6) providing:

> the period between a dismissal of the charge by the prosecutor to the time of arrest or filing of a new charge, whichever is sooner, for the same offense or an offense required to be joined with that offense[.]

A clearer reading of the rule allows that the charges brought against Balauro by later indictment that arose out of the same conduct would be dismissed in 48(b)(1) if six months passed from the date of the initial arrest. However, just as (c)(6) excludes the time following a dismissal of the initial charge, so too does it exclude that period of time for other charges which were required to be joined.

## III.

We note that Rule 48, which is derived from the ABA Standards of Criminal Justice, is protective of the defendant's right to a speedy trial. The Intermediate Court of Appeals, in *State v. Ferraro, supra*, correctly recognized that ABA Standard 12–4.1, Absolute Discharge, reads in pertinent part:

> If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the consequence should be absolute discharge.[7] *Such discharge should forever bar prosecution for the offense charged and for any other offense required to be joined with that offense.*

Footnote 7 states:

> It should be noted that the question of absolute discharge is left to the discretion of the trial court in Rule 48(b), HRPP.

*Ferraro*, 8 Haw. App. at 293, 800 P.2d at 629 (quoting 2 ABA Standards, *supra*, Standard 12–4.1 at 12.43).

Rule 48, therefore, applies to all offenses required to be joined and Rule 48(b)(1) is as harsh to the State on those other offenses "based on the same conduct or arising from the same criminal episode for which the arrest or charge was made" whether or not actually charged. Therefore, logic and the plain reading of Rule 48(c)(6) dictate that the excluded time periods must also apply to those later charged offenses required to be joined.

For the foregoing reasons, we remand this case to the Intermediate Court of Appeals so that it may consider additional points on appeal.

*Daryl Dobashi* for respondent–appellant.

*John C. Calma*, Deputy Prosecuting Attorney, for petitioner–appellee.