STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN JOHNSON, Defendant-Appellant

NO. 7265

MARCH 18, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, JJ., AND RETIRED JUSTICE KOBAYASHI, ASSIGNED BY REASON OF A VACANCY

*Per Curiam.* This is an appeal from the judgment and sentence filed against the defendant, who was convicted of theft in the first and third degrees in violation of Hawaii Revised Statutes Sections 708-831(1)(b) and 708-833 respectively.

The defendant contends that since his trial was not commenced within six months from January 17, 1978, the date of his initial arrest, the trial court erred in not dismissing the charges filed against him as required by Rule 48(b)(1), Hawaii Rules of Penal Procedure (HRPP).

Rule 48(b)(1) provides:

> (b) *By Court.* Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:
>
>> (1) the date of arrest or of filing of the charge, whichever is sooner, or any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; . . .

The State, however, questions defendant's use of January 17, 1978, the date of an investigatory arrest, to commence the running of the six-month period. The State contends that since the defendant was released within twenty-four hours without charges filed against him, the investigatory arrest should not trigger the operative effect of Rule 48(b)(1). Accordingly, the State argues that the running of the six-month period should commence from May 3, 1978, the date that the Grand Jury returned the indictment against the defendant.

We agree with the contention of the State in that Rule 48(b)(1) though stated simply as "arrest" was meant to reach the same results as the statement in ABA Standards Relating to Speedy Trial[1] (approved Draft 1968) Section 2.2(a) at 19-20, to-wit: ". . . if *the defendant is released outright some time after arrest* but thereafter is charged with the same offense for which the defendant was arrested and held to answer, the *time runs from the date of the filing of the charge*. Were it otherwise, the time for trial would begin running because of the action of the police . . . even though the prosecutor later concluded he had insufficient evidence to file a charge and caused the outright release of the defendant." (emphasis added)

We believe that the above-stated construction of the word "arrest" additionally meets the well-established interest of the public in seeing that justice is achieved.

We, therefore, affirm the judgment and sentence.

*Alvin T. Sasaki*, Deputy Public Defender, for defendant-appellant.

*Peter B. Carlisle*, *(Arthur E. Ross* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.

---

[1] In State v. English, we stated at 61 Haw. 12, 23, 594 P.2d 1069, 1076 (1979):

This rule [Rule 48(b) Hawaii Rules of Criminal Procedure (1960)] has been regarded as a restatement of the inherent power of the court to dismiss a case for want of prosecution and there need not be a deprivation of one's constitutional right to speedy trial before it may be properly invoked.

In footnote 14, English, *supra*, we stated:

This rule — subsequently superseded by Rule 48(b) and (c) of the Hawaii Rules of Penal Procedure (1977) — was principally derived from Rule 48(b) of the Federal Rules of Criminal Procedure . . .