STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN TONKIN PROVARD, also known as John Thomas Meacham, Defendant-Appellant

NO. 7334

CRIMINAL NO. 51028

JULY 21, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* Defendant-appellant John Tonkin Provard appeals a judgment of conviction entered against him in the circuit court on March 14, 1979, after a jury found him guilty of attempted theft in the first degree under §§ 705-500(1)(a) and 708-831(1)(b), Hawaii Penal Code (HPC).

Appellant claims the trial court erred in denying (1) his pretrial motion to dismiss indictment because the government did not try him within six months after his arrest; (2) his pretrial motion to suppress evidence because of the unreasonable manner in which the search was conducted by the police; and (3) his motion for judgment

of acquittal because he was entrapped as a matter of law. We see no error and affirm appellant's conviction.

I.

On September 23, 1977, appellant was arrested for the crime for which he stands convicted. Within a few hours he was released without any formal charge being lodged against him.

Thereafter, on March 1, 1978, appellant was indicted and trial was set for May 8. By agreement, the trial was continued and appellant was tried the following year on January 29, 1979.

The principal witness against appellant was Mark Estanique, who had agreed with the police to obtain evidence against appellant for a $100 fee. Estanique then called appellant to arrange the sale of two stolen typewriters. These typewriters had not been stolen by Estanique; they were stolen by others and were being held in custody by the police. Estanique delivered the typewriters to appellant's place of employment and sold them to appellant for $85.00 each. The event was monitored by police through a transmitter wired on Estanique's person. At the same time, the police also had the premises under surveillance.

A search warrant was later secured by the police; upon execution thereof, the police entered the premises with guns drawn. Appellant was then arrested.

II.

Appellant contends he was entrapped[1] as a matter of law. In short, he claims that the methods employed by the police created a

---

[1] Hawaii Penal Code § 702-237 *Entrapment.* (1) In any prosecution, it is an affirmative defense that the defendant engaged in the prohibited conduct or caused the prohibited result because he was induced or encouraged to do so by a law enforcement officer, or by a person acting in cooperation with a law enforcement officer, who, for the purpose of obtaining evidence of the commission of an offense, either:

(b) Employed methods of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it.

"substantial risk" that induced him to commit the crime. § 702-237(1)(b).

In *State v. Kelsey*, 58 Haw. 234, 566 P.2d 1370 (1977), we viewed entrapment as a jury question, unless the evidence is undisputed and so clear it presents a legal question as a matter of law.

The trial court was correct in leaving it to the jury to decide the entrapment issue. The undisputed portion of the evidence shows that: Estanique had told the police that appellant was a "fence"; Estanique had been selling stolen goods to appellant for a period of two years; the police enlisted the aid of Estanique for a fee; Estanique was given two stolen typewriters which came from the property room of the police; and Estanique was told to sell them to appellant at any price.

However, disputed portions of the evidence were whether appellant required strict proof of identification of the goods sold; the number of occasions appellant had met Estanique over the course of two years and whether appellant had previously purchased 50 to 60 typewriters from Estanique.

The affirmative defense of entrapment focuses on the conduct of the law enforcement officials as to whether the police conduct was so extreme that it created a substantial risk that a person would be induced to commit the crime. *State v. Anderson*, 58 Haw. 479, 572 P.2d 159 (1977).

As there was a conflict in the evidence relating to whether the police conduct created the "substantial risk" complained of, the trial court correctly left this issue to the jury to resolve.

### III.

Appellant complains that the police executed the search warrant in an "unreasonable manner," citing *State v. Martinez*, 59 Haw. 366, 580 P.2d 1282 (1978); *State v. Kaluna*, 55 Haw. 361, 520 P.2d 51 (1974). The police entered defendant's premises with shotguns and drawn revolvers. Consequently, appellant contends that the unreasonable behavior of the police requires suppression of the evidence.

The record shows that the police entered the premises not only to execute the search warrant but also to arrest appellant. The police knew that appellant had access to firearms. We do not view the safety

precaution taken by the officers to be unreasonable. *See Terry v. Ohio,* 392 U.S. 1 (1968); *State v. Goudy,* 52 Haw. 497, 479 P.2d 800 (1971).

## IV.

Appellant contends he was not tried within six months after his arrest. He points out that the relevant time period from September 23, the date of his arrest, to May 8, the initial trial date, covers seven-and-a-half months. Under Rule 48,[2] Hawaii Rules of Penal Procedure, he asserts he was entitled to a dismissal. In *State v. Johnson,* 62 Haw. 11, 608 P.2d 404 (1980), we held that if a defendant is released outright some time after arrest but thereafter is charged with the same offense for which he was arrested and held to answer, the time runs from the date of the filing of the charge. *Johnson* is dispositive of defendant's point of error.

Other issues raised are without merit.

Affirmed.

*Stephen T. Hioki (Erick T. S. Moon, Moon & Hong* of counsel, on opening brief; *Matthew S. K. Pyun, Jr.,* with him on reply brief) for defendant-appellant.

*Arthur E. Ross, (Albert H. Esposito* on answering brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.

---

[2] Rule 48. DISMISSAL.

. . . .

(b) *By Court.* Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

(1) the date of arrest or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made;