**UNITED STATES of America, Appellee,**

v.

**Larry Edward STEAD, Appellant.**

**No. 83–2364.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1984.

Decided Oct. 3, 1984.

Petition for Rehearing and Rehearing En Banc Denied Nov. 1, 1984.

Toby H. Hollander, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., James K. Steitz, Asst. U.S. Atty. (argued), St. Louis, Mo., for appellee.

Before HEANEY and J.R. GIBSON, Circuit Judges, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Defendant appeals his conviction for escape from federal custody in violation of 18 U.S.C. § 751(a). We affirm.

## FACTS

In the proceedings below, a jury found that defendant escaped from federal custody December 12, 1981. Defendant was recaptured six months later, on June 17, 1982. After defendant was recaptured but before any indictment for escape was issued, defendant's parole was revoked and his "good time" forfeited. More than one year after his recapture, on July 7, 1983, defendant was indicted for escape. It is his conviction on this indictment that defendant now appeals.

## ANALYSIS

*Speedy Trial.* Defendant argues that the delay between his recapture and his indictment violated his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. The Sixth Amendment, as distinct from the Speedy Trial Act, was not raised below. Therefore, any error below must be predicated on the Speedy Trial Act. However, the Sixth Amendment is relevant to our analysis because the Speedy Trial Act was enacted to give meaning to the Sixth Amendment right to a speedy trial. H.R. Rep. No. 93–1508, 93rd Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Ad. News 7401, 7404.

The Speedy Trial Act provides that

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3161(b).

Defendant argues that this provision of the Speedy Trial Act was violated by the one-year delay between his recapture and his indictment for escape. Defendant's recapture was certainly an "arrest" in the sense of a forcible stop. *See* Black's Law Dictionary 100–01 (5th ed. 1979); P. Gove, Webster's Third New International Dictionary 121 (1971). However, the issue is whether defendant's recapture was such an arrest as to trigger his right to a speedy trial for escape.

■ The right to a speedy trial on a charge is triggered by arrest only where the arrest is the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which defendant is eventually tried. The text of the Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI. The Supreme Court has noted that "a literal reading of the Amendment suggests that this right attaches only when a formal criminal charge is instituted and a criminal prosecution begins." *U.S. v. MacDonald*, 456 U.S. 1, 6, 102 S.Ct. 1497, 1500, 71 L.Ed.2d 696 (1982). However, there is language in a number of cases suggesting that an arrest is sufficient in itself to trigger the speedy trial right. *See, e.g., MacDonald*, 456 U.S. at 6–7, 102 S.Ct. at 1500–1501; *Dillingham v. U.S.*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); *U.S. v. Marion*, 404 U.S. 307, 321, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971); *U.S. v. Rogers*, 639 F.2d 438, 440 (8th Cir.1981). Closer analysis shows that an arrest triggers the speedy trial right only where it is the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which defendant is eventually tried. The provision of the Speedy Trial

Act on which defendant relies refers to an arrest "in connection with such charges [*i.e.,* the charges contained in the indictment or information]." The Supreme Court has repeatedly stated that "it is either a formal indictment or information or else the *actual restraints imposed by arrest and holding to answer a criminal charge* that engage the particular protections of the speedy trial provision of the Sixth Amendment." (Emphasis added.) *Marion*, 404 U.S. at 320, 92 S.Ct. at 463. *See also U.S. v. Lovasco*, 431 U.S. 783, 788, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *Dillingham*, 423 U.S. at 65, 96 S.Ct. at 304. Further, the Supreme Court has cited with apparent approval the provision of the A.B. A.'s speedy trial standard that the speedy trial right should be triggered at "the date the charge is filed, except that if the defendant has been continuously held in custody or on bail or recognizance until that date to answer for the same crime or a crime based on the same conduct or arising from the same criminal episode, then the time for trial should commence running from the date he was held to answer." *Marion*, 404 U.S. at 321 n. 12, 92 S.Ct. at 463 n. 12. The only cases we have found actually holding that the speedy trial right is triggered by arrest have involved arrests that were the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which defendant was eventually tried. *See Dillingham*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205, rev'g *U.S. v. Palmer*, 502 F.2d 1233 (5th Cir.1974); *Rogers*, 639 F.2d 438. On the other hand, this Circuit and others have held that the protections of the Speedy Trial Act are not triggered by an arrest when the arrested person is immediately released without formal charge. *See, e.g., U.S. v. Alfarano*, 706 F.2d 739 (6th Cir.1983); *U.S. v. Candelaria*, 704 F.2d 1129 (9th Cir.1983); *U.S. v. Carlson*, 697 F.2d 231 (8th Cir.1983); *U.S. v. Varella*, 692 F.2d 1352 (11th Cir.1982), *cert. denied,* — U.S. —, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983); *U.S. v. Jones*, 676 F.2d 327 (8th Cir.), *cert. denied,* 459 U.S. 832, 103 S.Ct. 71, 74 L.Ed.2d 71 (1982); *U.S. v. Costanza,*

549 F.2d 1126 (8th Cir.1976). Further, the Supreme Court has held that where a person is charged but the charge is dismissed and later reinstated, the time between the dismissal and the reinstatement of the charge does not count under the speedy trial clause of the Sixth Amendment. *MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696.

Defendant argues that his recapture or "arrest" triggered Section 3161(b) of the Speedy Trial Act because he was held in custody from his recapture until his indictment for escape. However, it is apparent that defendant was not "arrested" or held for the crime of escape. There was never any complaint for escape, as would have been required to hold defendant for that crime; and defendant was subject to recapture and continued custody based on his original conviction. Thus defendant's recapture was not the beginning of continuing restraints on his liberty imposed in connection with the escape charge. Rather, the restrictions on defendant's liberty were based on his original conviction. It follows that defendant's recapture did not trigger his right to a speedy trial for escape. *See U.S. v. Wilson,* 690 F.2d 1267, 1276 (9th Cir.1982), *cert. denied,* — U.S. ——, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983) (recapture of escapee does not trigger right to speedy trial for escape); *U.S. v. Matlock,* 558 F.2d 1328 (8th Cir.) *cert. denied,* 434 U.S. 872, 98 S.Ct. 218, 54 L.Ed.2d 152 (1977) (arrest on one charge does not trigger right to speedy trial on other charge filed after arrest). *Cf. U.S. v. Gouveia,* — U.S. ——, 104 S.Ct. 2292, 2303, 81 L.Ed.2d 146 (1984) (Stevens, J., concurring) (where custody does not serve an "accusatorial function" the person in custody is not an "accused" within the meaning of the Sixth Amendment.)

Our analysis is consistent with the interests protected by the speedy trial right. The Supreme Court has stated that

[T]he speedy trial right exists primarily to protect an individual's liberty interest, to "minimize the the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by an arrest and the presence of unresolved criminal charges."

*Gouveia,* 104 S.Ct. at 2299. *See also Marion,* 404 U.S. at 320, 92 S.Ct. at 463. These interests must be distinguished from the "stress, discomfort and ... disruption in normal life" caused simply by being subject to criminal investigation, which are not within the protection of the speedy trial right. *MacDonald,* 456 U.S. at 8–9, 102 S.Ct. at 1502. In short, the speedy trial right protects interests that arise in connection with formal charges but does not protect interests that might arise even absent formal charges. Thus in *MacDonald* the Supreme Court held that the speedy trial right does not apply after formal charges are dismissed because the dismissal of charges leaves the "defendant" in the same position he would have been in if charges had never been brought. *MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696. Similarly, until defendant was indicted for escape he was in the same position he would have been in if he had never been charged for escape. Thus no interest protected by the speedy trial right was implicated until defendant's indictment.

*Due Process.* Defendant also argues that the delay between his recapture and his indictment deprived him of due process. To establish a due process violation based on pre-indictment delay, defendant must show some actual prejudice to his defense in light of the events of his trial. *See U.S. v. Lovasco,* 431 U.S. 783, 789–90, 97 S.Ct. 2044, 2048–49, 52 L.Ed.2d 752 (1977); *U.S. v. Scott,* 437 U.S. 82, 111, 98 S.Ct. 2187, 2204, 57 L.Ed.2d 65 (1978) (Brennan, J., dissenting); *U.S. v. Purham,* 725 F.2d 450, 453 (8th Cir.1984). The prejudice shown must be something more concrete than the "real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost." *U.S. v. Marion,* 404 U.S. 307, 325–26, 92 S.Ct. 455, 466, 30

L.Ed.2d 468 (1971). Such possibilities of prejudice are the province of statutes of limitations and are insufficient to establish a due process violation. *See Lovasco*, 431 U.S. at 789, 97 S.Ct. at 2048 (statutes of limitations provide the "primary guarantee" against stale criminal charges); *Marion*, 404 U.S. at 325–26, 92 S.Ct. at 466; *U.S. v. Rogers*, 639 F.2d 438, 441 (8th Cir. 1981); *U.S. v. Stacey*, 571 F.2d 440, 443 (8th Cir.1978).

■ Defendant has not shown that the delay between his recapture and indictment caused any actual prejudice to his defense. Defendant claims he was prejudiced in that he was subject to prison administrative sanctions for his escape before he was indicted for escape. However, any such "prejudice" does not establish a due process violation because it is not prejudice to defendant's defense to the escape charge. *See U.S. v. Reed*, 733 F.2d 492, 506 (8th Cir.1984); *U.S. v. Naftalin*, 534 F.2d 770, 773 (8th Cir.) *cert. denied*, 429 U.S. 827, 97 S.Ct. 83, 50 L.Ed.2d 89 (1976).

Defendant's only claim of prejudice that goes to his defense is a claim that the delay between his recapture and indictment denied him a timely evaluation of his mental state at the time of the offense. This is the kind of speculative possibility of prejudice inherent in any delay that is generally insufficient to establish a due process violation. *Cf. U.S. v. Gilliss*, 645 F.2d 1269, 1273 n. 7 (8th Cir.1981) (claim of prejudice from delay between crime and mental examination deemed "highly speculative" in context of Sixth Amendment analysis). Defendant was examined by a psychiatrist after his indictment, and nothing suggests that an earlier examination would have aided his defense. The psychiatrist called by defendant testified that he was sane and that he suffered from a "psychopathic personality disorder." Further, defendant's psychiatrist specifically testified that an examination of defendant closer to the time of the offense would not have resulted in a different opinion. Because defendant has failed to show any actual prejudice to his defense, he cannot establish a due process violation.

■ *Sufficiency of the Evidence.* Defendant's final argument is that there was insufficient evidence that he was in federal custody at the time of his alleged escape. We must review the evidence in the light most favorable to the government and uphold the defendant's conviction if a reasonable finder of fact could have found defendant guilty. 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2524 (1971). We have reviewed the evidence under this standard and find sufficient evidence to uphold defendant's conviction.

## CONCLUSION

We affirm.