45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Alvis MARTIN, a/k/a Thomas Lawson, a/k/a Keith L.
Smith, a/k/a Paul Gordon, Defendant-Appellant.
 No. 94-5148.
 United States Court of Appeals, Fourth Circuit.
 Submitted September 6, 1994.
Decided December 22, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen M. Williams, Senior District Judge. (CR-93-92-R)
 Francis H. Young, Greer & Melesco, Rocky Mount, VA, for appellant. Robert P. Crouch, Jr., U.S. Atty., Jean B. Hudson, Asst. U.S. Atty., Charlottesville, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 A jury convicted Thomas Alvis Martin for failing to surrender to serve a sentence imposed for an earlier conviction in violation of 18 U.S.C.A. Sec. 3146 (West 1985 & Supp.1994). On appeal, Martin argues that the district court erred in denying his motion to dismiss the indictment and in admitting evidence. We affirm.
 
 I.
 
 2
 Martin had been convicted for being a felon in possession of a firearm. The court sentenced him for the firearm charge on April 3, 1992, to thirty months imprisonment and three years of supervised release and allowed him twenty-seven days to self-report to the institution. On April 27, 1992, the probation office learned that Martin violated his bond by leaving the Western District of Virginia without permission to visit his son in Florida. Martin telephoned the probation office, and the probation officer informed him that he must report to the institution by April 30. When Martin failed to report, the court issued a warrant for his arrest. Authorities arrested Martin in Tennessee on June 3, 1992, and returned him to the institution to serve his sentence for the firearm charge. The grand jury indicted Martin for failure to surrender on June 15, 1993, and the Marshals Service issued a detainer on June 28, 1993.
 
 
 3
 While the charge was pending, the court released Martin on bond and required him to wear an electronic monitoring device. Martin was fitted with an ankle bracelet on January 6, 1994, and he removed it on January 7. Martin did not return to his home until the following day. When the probation officer placed a new ankle bracelet on Martin, the probation officer also screened for illegal drugs. An independent laboratory tested the sample and confirmed the presence of cocaine.
 
 
 4
 The court revoked Martin's bond on January 12 and ordered that he be detained until trial. About one month later, the court denied Martin's motion to dismiss the indictment. At Martin's jury trial, the Government offered evidence of prior bad acts pursuant to Fed.R.Evid. 404(b) that Martin (i) travelled to Florida without permission while on bond from the firearm charge; and (ii) removed the electronic monitoring device while on bond from the failure to surrender charge. The court admitted both pieces of evidence over Martin's objections. The Government also introduced evidence of the laboratory test result showing that Martin tested positive for cocaine. The court overruled Martin's objection that this evidence was impermissible hearsay.
 
 
 5
 The jury returned a guilty verdict, and the court sentenced Martin on the failure to surrender charge to thirty months in prison and ordered two years of supervised release. Martin filed a timely notice of appeal.
 
 II.
 
 6
 Martin argues that the district court erred in denying his motion to dismiss the indictment because the Government violated the Speedy Trial Act, 18 U.S.C.A. Secs. 3161-3174 (West 1985 & Supp.1994), when it failed to indict Martin within thirty days of his arrest on June 3, 1992, and ensure that a detainer was issued promptly. We review de novo any legal conclusions in the district court's interpretation of the Speedy Trial Act. United States v. Sarno, 24 F.3d 618, 622 (4th Cir.1994).
 
 
 7
 Martin contends that the authorities arrested him on June 3, 1992, for precisely the same offense for which he was indicted--failure to surrender. However, Martin's failure to surrender was itself a violation of the court's judgment entered in connection with his conviction for being a felon in possession of a firearm. Authorities arrested Martin for violating the court's order, and they held him in custody following his arrest pursuant to that order. Accordingly, we find that no violation of Sec. 3161(b) occurred because it was Martin's June 15, 1993, indictment for failure to surrender that triggered the time periods of the Speedy Trial Act.[1] See Acha v. United States, 910 F.2d 28, 30-31 (1st Cir.1990) (holding that defendant's arrest for violating conditions of release on bail by failing to appear for sentencing did not start speedy trial period for charge of failing to appear); United States v. Stead, 745 F.2d 1170, 1172 (8th Cir.1984); cf. United States v. Sairafi, 801 F.2d 691, 692 (4th Cir.1986) (holding that recapture of escaped prisoner not an "arrest" for purposes of thirty-day requirement of Speedy Trial Act).
 
 
 8
 Martin also argues that the Government's delay in seeking the failure to surrender indictment prejudiced his rights to a fair trial because he was unable to contact witnesses to testify on his behalf. Because Martin's only due process claim is that he lost contact with his girlfriend who could have testified at trial, he failed to show actual prejudice and that something more concrete occurred beyond the " 'real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost.' " Stead, 745 F.2d at 1173 (quoting United States v. Marion, 404 U.S. 307, 325-26 (1971)). Therefore, we find that the district court did not err in denying Martin's motion to dismiss the indictment.
 
 III.
 
 9
 Martin asserts that the district court erred in admitting evidence under Rule 404(b). We review a district court's decision to admit evidence of prior bad acts "by inquiring whether the district court acted in a way that was so 'arbitrary or irrational,' United States v. Rawle, 845 F.2d 1244 (4th Cir.1988), that it can be said to have abused its discretion." United States v. McMillon, 14 F.3d 948, 954 (4th Cir.1994) (citing United States v. Mills, 995 F.2d 480, 485 (4th Cir.), cert. denied, 62 U.S.L.W. 3252 (U.S.1993)).
 
 
 10
 Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of "other bad acts" solely to prove a defendant's bad character. Fed.R.Evid. 404(b). Here, the district court admitted evidence that Martin travelled to Florida without permission while on bond from the firearm charge and that Martin removed his ankle bracelet while on bond for the failure to surrender charge. The court concluded the evidence was admissible "because it shows that ... this defendant has not previously complied with orders of the [c]ourt, which is exactly what he is charged with ... [and] that ... he doesn't pay any attention to [c]ourt orders." (J.A. at 77). Although the district court's comments suggest that the evidence was admitted to show Martin acted in conformity with his propensity to disobey court orders, we find that the evidence of Martin's travel was properly admitted under Rule 404(b) and that the evidence of the ankle bracelet removal should not have been admitted under Rule 404(b), but that its admission was harmless error.
 
 A.
 
 11
 Although evidence of other bad acts may not be admitted to prove a defendant's bad character, such evidence may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). For such evidence to be admissible under Rule 404(b), it must be necessary, reliable, and relevant to an issue other than character. Rawle, 845 F.2d at 1247. Even if the evidence is relevant under Rule 404(b), it must be more probative than prejudicial. See Fed.R.Evid. 403.
 
 
 12
 In this case, evidence of Martin's unauthorized travel to Florida was necessary, see United States v. Masters, 622 F.2d 83, 86 (4th Cir.1980), because it tended to show that Martin did not intend to surrender to serve his sentence. See United States v. Marion, 977 F.2d 1284, 1288 (8th Cir.1992) (holding that evidence of prior failure to appear properly admitted to show intent for subsequent failure to appear); cf. United States v. Velazquez, 847 F.2d 140, 143 (4th Cir.1988) (holding that admission of previous escape attempt proper to show intent and motive). Further, neither party contested the evidence's reliability.
 
 
 13
 We also find that the evidence was relevant because Martin's unauthorized trip to Florida bore directly on his intent not to surrender to serve his sentence on the firearm charge. Martin magnified the relevance of this evidence on the issue of intent by pleading not guilty. See United States v. Mark, 943 F.2d 444, 448 (4th Cir.1991). Because the evidence was necessary, reliable, and relevant, we find that the district court did not abuse its discretion in admitting the evidence under Rule 404(b). See Rawle, 845 F.2d at 1247.
 
 
 14
 We also find no violation of Fed.R.Evid. 403. The evidence presented no opportunity for unfair prejudice because it lacked the potential to " 'excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it.' " United States v. Simpson, 910 F.2d 154, 158 (4th Cir.1990) (quoting Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1134 (4th Cir.1988)). Therefore, we find that the district court did not abuse its discretion in admitting the evidence of Martin's unauthorized trip to Florida under Rule 403.
 
 B.
 
 15
 The admission of the evidence that Martin removed his ankle bracelet is more problematic under Rule 404(b) because Martin removed the ankle bracelet after the court released him on bond for the failure to surrender charge. Therefore, Martin's removal of the ankle bracelet does not "bear[ ] upon a relevant issue in the case," Huddleston v. United States, 485 U.S. 681, 685 (1988), because it did not assist the jury in determining Martin's intent for why he failed to self-report to serve his sentence on the firearm charge. Although the district court erred in admitting this evidence, we find that the error was harmless because "it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty [on the failure to surrender charge] absent this [evidence]" based solely on Martin's failure to report to the institution on the date the court ordered him to do so. See McMillon, 14 F.3d at 955.
 
 IV.
 
 16
 Finally, Martin argues that the district court erred in admitting the laboratory test result showing that he tested positive for cocaine because it was hearsay that did not fall within the business records exception. We find that the district court's admission of this evidence, if error at all, was harmless error because the laboratory test result was not relevant to Martin's failure to surrender and because the jury would have found beyond a reasonable doubt that Martin was guilty, even without considering the laboratory test result.[2] See Huddleston, 485 U.S. at 685; McMillon, 14 F.3d at 955.
 
 V.
 
 17
 Accordingly, we affirm Martin's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Further, the Government promptly sought a detainer. See 18 U.S.C.A. Sec. 3161(j)(1). Martin was indicted on June 15. The detainer was issued on June 28
 
 
 [2]
 In light of this finding, we need not decide whether, as the Government argues, laboratory tests are admissible under the business records exception to the hearsay rule