Kelly G. BAILEY, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. A–6590.

Court of Appeals of Alaska.

April 3, 1998.

Michael B. Logue, Gorton & Associates, Anchorage, for Appellant.

Pamela Dale, Assistant Municipal Prosecutor, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

COATS, Chief Judge.

Alaska Criminal Rule 45(c)(1) currently provides that, with certain exceptions not pertinent here, the time within which a defendant must be tried begins to run from the date the "charging document" is served upon the defendant. This case raises the question of whether an "Order and Conditions of Release" form issued by a magistrate following an arrestee's initial appearance under Criminal Rule 5(a)(1) is a "charging document" for purposes of Rule 45(c)(1), triggering the time period for bringing the arrestee to trial. We hold that it is not.

On July 3, 1996, Kelly G. Bailey was arrested and taken before a magistrate pursuant to Criminal Rule 5(a)(1). The magistrate ordered Bailey to be held in lieu of $2500 bail. The magistrate then signed an "Order and Conditions of Release" form that was captioned "State of Alaska vs. Kelley [sic] Bailey." This form bore the case number "96–5035 Cr," and it referred to the "charges" against Bailey as third-degree assault, driving while intoxicated, and resisting arrest.

However, the State of Alaska never brought these or any other charges against Bailey. When Bailey appeared in court on July 24 (as she had been directed to do upon her release), no charges had been filed, and Bailey was discharged. When she left court on July 24, Bailey had never been served with any criminal complaint, indictment, information, or citation.

Six weeks later, on September 9, 1996, the Municipality of Anchorage filed a criminal complaint against Bailey under a new case number, 3AN–M96–7101 Cr. This complaint charged Bailey with the municipal offenses of driving while intoxicated and resisting an officer. AMC § 09.28.020(A); AMC § 08.05.530(A).

On December 12, 1996, Bailey moved to dismiss these charges. She argued that the time for bringing her to trial had already expired because Rule 45 began to run on July 3, the day she was arrested and appeared in front of the magistrate. Acting District Court Judge Nancy J. Nolan denied Bailey's motion. Bailey then pleaded no contest to the municipal charges, preserving her Rule 45 motion for appeal. *See Cooksey v. State*, 524 P.2d 1251, 1255–57 (Alaska 1974).

In this appeal, Bailey argues that the bail release form she received from the magistrate at her initial appearance constituted a "charging document" for purposes of Rule 45(c)(1). Bailey contends that the bail release form was a "charging document" because the form notified her that the State of Alaska was bringing a criminal case against her and that she was charged with various offenses under state law.

Criminal Rule 45(c)(1) currently provides, in pertinent part, that "the time for trial shall begin running, without demand by the defendant, from the date the charging document is served upon the defendant." This is a significant change from the pre–1993 version of the rule. Under the former version of the rule, the time for bringing a defendant to trial generally began to run "[f]rom the date the defendant [was] arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) [was] served upon the defendant, whichever [was] first."

In her ruling, Judge Nolan wrote that "it appears that the rule was amended [in 1993] specifically to eliminate an arrest as the trig-

gering event for commencement of the rule." Judge Nolan's conclusion is firmly supported by memoranda of the Supreme Court's Standing Committee on the Rules of Criminal Procedure, the body that proposed the 1993 amendment to the court. The Criminal Rules Committee proposed that Rule 45(c) be amended so that the time for bringing a defendant to trial would no longer begin running from the date of the arrest, but would instead begin to run from the date the defendant was held to answer to a charge.

Bailey concedes that the 1993 amendment to Rule 45(c)(1) was intended to avoid having the time for trial begin running on the date of the defendant's arrest. She argues, however, that she was "held to answer" when she was brought before the magistrate and then released on bail.

Bailey's argument is premised on an interpretation of Rule 45(c)(1) that is inconsistent with the legislative history of the 1993 amendment. Under the pre–1993 version of Rule 45(c), a formal arrest and a consequent appearance before a magistrate would have triggered the running of the time for trial, even though the arrest was not followed up with criminal charges. *See Knowlton v. State,* 795 P.2d 1287, 1288 (Alaska App.1990). But documents generated by the Criminal Rules Committee show that one of the Committee's purposes in proposing the 1993 amendment was to ensure that such an arrest and initial appearance should no longer trigger the running of Rule 45.

In a memorandum dated April 6, 1992, Committee member Cynthia M. Hora told the Committee that Rule 45(c) should be amended to avoid having the time for trial commence when a person is "arrested and held to answer [through] the action[s] of the police and [a] magistrate," if "the prosecutor later conclude[s] that there [is] insufficient evidence to file a charge and cause[s] the outright release of the defendant." (According to Hora's memorandum, this same result—the non-triggering of Rule 45—should apply even if the government at some later time decides to formally charge the person "with the same offense for which he or she was arrested.") (Quoting II *Standards for Criminal Justice,* § 12–2.2 and 20–21 (1986).)

To ensure that Rule 45 would not be triggered by the "action[s] of the police and magistrate" when the prosecuting authority subsequently declines to file charges, Hora proposed that Rule 45(c)(1) no longer refer to a person's arrest.

The Criminal Rules Committee apparently accepted Hora's suggestion. In a letter to the members of the Alaska Bar Association dated December 16, 1992, Court Rules Attorney Christine Johnson used the following language to describe the Committee's proposed amendment to Rule 45(c)(1): "The committee . . . agreed that the 120–day period should not begin to run until formal proceedings are commenced." The Criminal Rules Committee's proposed amendment to Rule 45(c) was ultimately adopted by the Alaska Supreme Court, and the term "arrested" was deleted from the rule.

■ Bailey's situation is the very one described in the legislative history; Rule 45(c) was amended to avoid the very result for which Bailey argues. We hold that, under the current version of Criminal Rule 45(c)(1), a person's arrest and initial appearance before a magistrate does not trigger the running of the time for trial (unless the person is also served with a charging document at that time).

■ For this purpose, "charging document" means a criminal complaint, indictment, information, or citation—a document that is legally sufficient to initiate a criminal lawsuit and support the ensuing issuance of process. *See* Criminal Rules 3(a), 4(a), 7(a), and 9(a), as well as AS 12.25.220 (declaring that a citation meeting the requirements of the statute shall be "considered . . . a lawful complaint for the purpose of prosecution"). *See also Ahmaogak v. State,* 595 P.2d 985 (Alaska 1979) (construing Rule 45(c)'s earlier phrase "complaint, indictment, or information" to include uniform citations). The bail order in this case was not a "charging document" within the meaning of Criminal Rule 45(c)(1).

■ We therefore agree with Judge Nolan that the "Order and Conditions of Release"

form given to Bailey by the magistrate at her initial appearance on July 3, 1996, did not trigger the running of the time for trial under Criminal Rule 45(c)(1). Judge Nolan properly denied Bailey's motion to dismiss the case.

The judgment of the district court is AFFIRMED.