973 P.2d 112

**STATE of Hawai'i, Plaintiff–Appellant,**

v.

**Terrence CENIDO, Defendant–Appellee.**

No. 21397.

Intermediate Court of Appeals of Hawai'i.

Jan. 13, 1999.

Certiorari Denied Feb. 19, 1999.

Caroline M. Mee, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs for plaintiff-appellant.

Chester M. Kanai, on the brief, Honolulu, for defendant-appellee.

BURNS, C.J., WATANABE and KIRIMITSU, JJ.

Opinion of the Court by KIRIMITSU, J.

Plaintiff–Appellant State of Hawai'i (the State) appeals the First Circuit Court's February 18, 1998 Findings of Fact, Conclusions of Law, and Order Granting the Motion for a Dismissal of the Indictment for Violation of [Hawai'i Rules of Penal Procedure (HRPP)] Rule 48 Without Prejudice (Dismissal Order). The State argues that the circuit court erroneously concluded that Defendant–Appellee Terrence Cenido (Defendant) had not been "released outright" when he was released pending investigation but returned to the custody of the Department of Public Safety pursuant to the mittimus issued on prior sentences. In essence, the State contends that the 180–day HRPP Rule 48 period should start on the dates of Defendant's indictments, rather than the date of his arrest for the offenses charged.[1] Because we agree

---

1. Hawai'i Rules of Penal Procedure (HRPP) Rule 48 (1996) reads, in pertinent part:

    **Rule 48. DISMISSAL.**
    . . . .
    (b) **By Court.** Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without

prejudice in its discretion, if trial is not commenced within 6 months from:
    (1) the date of arrest or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made;
    . . . .

with the State on this point, we reverse and remand for proceedings consistent with this opinion.

## I. BACKGROUND

While serving multiple concurrent sentences for theft and forgery convictions, Defendant escaped from the Laumaka facility of the Oahu Community Corrections Center (OCCC) on October 13, 1996. On October 28, 1996, Defendant was apprehended and arrested by Honolulu Police Department (HPD) officers on charges of second degree escape, resisting arrest, third degree promoting a dangerous drug, and unlawful use of drug paraphernalia. The police recovered a glass pipe and methamphetamine after a patdown search of Defendant at the time of his arrest. Defendant was taken to the Honolulu Police Station for processing and then was released to OCCC Intake Services Center (ISC) as to the escape and resisting arrest charges. Defendant was released pending investigation as to the drug charges. On the day after his arrest, Defendant was reincarcerated to continue serving his sentences for his prior felony convictions.

In April and July 1997, Defendant attended hearings before the parole board for parole consideration on his prior felony convictions. Parole was denied both times because Defendant had "pending criminal charges."

Defendant was indicted for the escape offense on July 2, 1997, and for the drug offenses on August 14, 1997. He was not indicted for the resisting arrest offense.

Defendant's first attorney moved to withdraw on August 19, 1997, and on September 15, 1997, the circuit court orally granted the motion as to both cases. By written orders filed on September 22, 1997 in the escape case, and September 24, 1997 in the drug case, withdrawal was granted. As to both cases, Defendant's present attorney was appointed on September 25, 1997. By Pretrial Order filed on October 10, 1997, the circuit court granted Defendant's oral motion to continue trial, setting a new trial date of February 9, 1998. Defendant waived his right to a speedy trial for this period. On November 10, 1997, the circuit court granted the State's motion to consolidate the two cases.

On January 15, 1998, Defendant moved to dismiss the indictments for violation of his HRPP Rule 48 right to a speedy trial. A hearing on this motion was held on January 27, 1998. At this hearing, the court accepted the State's proffer that, if called, An Nguyen, a case worker from the Laumaka facility, would testify as follows:

[DEPUTY PROSECUTOR]: She would testify that she was the case unit worker for [Defendant] and is familiar with his status within the Department of Public Safety; he was in prison under the authority of the mittimuses issued by Judges Aiona and Crandall for the multiple theft and forgeries that he was convicted of; he was placed with Laumaka after being processed to qualify for work furlough; and she became aware that he did escape, and she was informed that he was picked up within a week; he escaped on the 13th and was picked up on the 28th, so that would be almost two weeks; that she knows that in all cases, that when a prisoner escapes, they are informed, the Department of Public Safety is informed by HPD; and she is aware that the ISC did contact the Department of Public Safety, the Laumaka Work Furlough and her as well as the case unit

---

(c) **Excluded Periods**. The following periods shall be excluded in computing the time for trial commencement:

(1) periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant, including but not limited to ... pretrial motions ...;

....

(3) periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel; [and]

....

(8) other periods of delay for good cause.

(d) **Per Se Excludable and Includable Periods of Time for Purposes of Subsection (c)(1) of this Rule.**

(1) For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions filed by a defendant, shall be deemed to be periods of delay resulting from collateral or other proceedings concerning the defendant: motions to dismiss, ... for withdrawal of counsel, ... [and] to continue trial[.]

manager; and when asked, or if asked under what authority is he being held in custody under the strength of the mittimuses issued by the Court for the prison terms he was serving sentence.

Defendant testified at the hearing that he escaped from the Laumaka facility on October 13, 1996 and that he. was apprehended and arrested on October 28, 1996. Upon his arrest, Defendant testified: "I was taken to the police cellblock, processed, fingerprinted and booked, held overnight, taken to the Honolulu District Court on the 29th for resisting arrest. After that, I was taken back into custody to OCCC, where I was placed in a special holding unit."

After Defendant's testimony, his attorney argued that Defendant had not been "released outright" when he was returned to OCCC:

[DEFENSE COUNSEL]: Our position, number one, is that the time of the running of [HRPP] Rule 48 under these circumstances begins from the date of arrest on October the 28th and not from the date of the indictment in this case here, July the 2nd, 1997 for the escape charge, and August 14th for the drug charges. And the reason is as stated in the State vs. Johnson case, which was rendered in 1980, and I've attached that decision as Exhibit L to the Rule 48 motion, and also appended the memorandum opinion on State vs. Holbrook, which is Exhibit J, so that the Court could get some notion of what the State vs. Johnson case meant when it distinguished between outright release versus continuous authoritative restraint.

And I think our Supreme Court took the position then that in a situation where we have [Defendant] who is arrested but who is not charged right away but is so-called released pending investigation, he's not released outright, but is under continuous authoritative restraint because he was an escapee and was serving time under other felony matters under sentence, it was beholden upon the State to see to it under Rule 48 that the defendant's trial commenced within six months of his arrest October 28th, 1996.

Defendant also argued that the charges should be dismissed with prejudice since Defendant had been denied parole twice because of "pending charges" when there were none. The State disagreed and claimed that there was no prejudice to Defendant that would justify dismissal with prejudice and that the Rule 48 period had not run.

At the conclusion of the hearing, the court ruled as follows:

THE COURT: Well, that's a tough one, huh? I don't think that this has been addressed . except in the memorandum opinion case, which is not authority for precedent in any way. The Johnson case, he was arrested but released outright for further investigation; I believe that was the situation. That didn't trigger Rule 48 until charged. That's not the situation here. It seems that this one is more akin to the kind of situation where [Defendant] is being held to answer, say, an assault case, and upon further investigation or information, the police find out that there's probable cause to charge him with robbery or something like that. He's held to answer on the assault case from the date of the arrest; however, he's not given benefit of Rule 48 running on the robbery until he's charged. That's more akin to this case, where he's held in prison in custody on a sentence for other matters and he is arrested on an escape and related drug charges. It would seem if you look at that situation just on its face, then Rule 48 doesn't run until he's indicted on the escape or drug charges.

[DEPUTY PROSECUTOR]: There's a difference, Your Honor.

THE COURT: When you're held to answer on other charges, then you can do something about those other charges. You can force them to trial in the two months ordinary course setting, you can plead guilty, you can enter into a plea bargain and you can get rid of them, at which point the State has got to indict him on the other stuff.

In [Defendant's] situation, he can't do anything about his custody, and by the State holding the pending charges over his

head, he can't even get a hearing on his parole. And that's what makes the difference in this case and these kind of cases, and at the risk of making the prosecutor change his charging procedures on in-custody new charges, I think the date of Rule 48 runs from the date of arrest, you know, October of '96 in both cases; therefore, Rule 48 has been violated.

The court further concluded that the charges were to be dismissed without prejudice since the offenses were serious and the prejudice to Defendant was minimal. The court's written Dismissal Order was filed on February 18, 1998.

The State filed a timely Notice of Appeal on March 3, 1998.

## II. STANDARD OF REVIEW

When reviewing a trial court's denial of an HRPP Rule 48 motion to dismiss, we apply both the "clearly erroneous" and "right/wrong" tests:

A trial court's findings of fact (FOFs) in deciding an HRPP [Rule] 48(b) motion to dismiss are subject to the clearly erroneous standard of review.... However, whether those facts fall within HRPP [Rule] 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the "right/wrong" test.

State v. Samonte, 83 Hawai'i 507, 514, 928 P.2d 1, 8 (1996) (citation and internal block quote format omitted). In reviewing the grant of an HRPP Rule 48 motion to dismiss, we apply the same standard.

## III. DISCUSSION

" 'HRPP Rule 48(b) mandates the dismissal of criminal charges if a trial on those charges does not commence within six months, construed as one hundred eighty days, from the time of arrest or of filing of charges, whichever is sooner.' " Samonte, 83 Hawai'i at 514, 928 P.2d at 8 (quoting State v. Jackson, 81 Hawai'i 39, 50, 912 P.2d 71, 82 (1996)). "A violation of HRPP Rule 48 entitles [Defendant] to have the trial court dismiss the charges against him 'with or without prejudice.' " State v. Dwyer, 78 Hawai'i 367,

371, 893 P.2d 795, 799 (1995) (quoting HRPP Rule 48(b)).

Determining whether the HRPP Rule 48 period has run in this case involves a two-step process: first, ascertaining the date on which the clock started to run under HRPP Rule 48(b)(1); and second, calculating any excludable periods under HRPP Rule 48(c). Applying this process, we conclude that the circuit court erred in granting Defendant's HRPP Rule 48 motion to dismiss.

### A. Start Date of the HRPP Rule 48 Clock

As to the first step, the Hawai'i Supreme Court has reasoned:

[I]f the defendant is released outright some time after arrest but thereafter is charged with the same offense for which the defendant was arrested and held to answer, the time runs from the date of the filing of the charge. Were it otherwise, the time for trial would begin running because of the action of the police ... even though the prosecutor later concluded he had insufficient evidence to file a charge and caused the outright release of the defendant.

State v. Johnson, 62 Haw. 11, 12, 608 P.2d 404, 405 (1980) (quoting ABA Standards Relating to Speedy Trial (approved Draft 1968) § 2.2(a) at 19–20) (ellipsis in original) (emphases and quotation marks omitted), see also State v. Provard, 63 Haw. 536, 539, 631 P.2d 181, 183 (1981).

The defendant in Johnson argued that the trial court erred in not dismissing the charges filed against him since he was not brought to trial within six months of his arrest, as required by HRPP Rule 48(b)(1). The State countered that since the defendant had been released pending investigation within twenty-four hours of his arrest, the Rule 48 clock should start on the date of the indictment. The court agreed with the State, citing the above quoted ABA Standards. Johnson, 62 Haw. at 12, 608 P.2d at 405. Therefore, the period between arrest and indictment is included in the Rule 48 calculation only when a defendant is held in custody on the same charge. Id.

In the instant case, Defendant contends that the circuit court properly dismissed the charges since he "was held under continuous restraint," and therefore, his situation is distinguishable from *Johnson*. However, Defendant fails to recognize that he was held in custody *not* on the charges for which he was arrested, but for his prior convictions. This distinction is dispositive of this case.

Defendant was released pending investigation as to the drug charges and released to OCCC ISC as to the escape charge on the day after his arrest. The circuit court recognized as much in its Dismissal Order: "Defendant ... was released pending further investigation of the charges and returned to the [ISC] *under the strength of mittimus from prior sentences.*" (Emphasis added.) Logically, therefore, even though Defendant was not "released outright" in the sense of having all restraints on his liberty removed, he was "released outright" as to the charges involved in this case. Only because he had been incarcerated on prior felony charges *and had not yet served out his sentences* was Defendant returned to custody. He was not "held to answer" on the charges in this case, but rather, was held to continue his prior sentences. This constitutes "outright release" for the instant offenses since he was not indicted until July 2 and August 14, 1997. It would be anomalous indeed to hold that an escapee must be released from detention, unless he is immediately indicted for the offenses surrounding his escape, in order to try him for these offenses. Such an outcome would necessitate the filing of charges before the prosecutor has time to determine whether there is sufficient evidence to file charges.

Other jurisdictions have similarly held that the speedy trial clock begins to run on the date of indictment where the defendant was reincarcerated for prior convictions. An Idaho Appeals Court decision is instructive on the issue of denial of parole due to "pending charges" for which the defendant had not yet been indicted. *State v. Brashier*, 127 Idaho 730, 905 P.2d 1039 (Idaho Ct.App.1995). The defendant in *Brashier* claimed that pending charges caused a denial of his parole for a prior conviction even though he had yet to be

formally indicted for any new offenses. *Id.* at 1042. For this reason, he claimed, the speedy trial clock should run from the date of a letter from a sheriff to the parole commission outlining the offenses, not the later date of indictment. *Id.* The appeals court disagreed, holding that denial of parole due to pending charges is not equivalent to arrest on the charges. *Id.* at 1043. Therefore, the defendant's continued incarceration was for his prior conviction, rather than pretrial detention for the uncharged offense, and so the speedy trial clock began to run from the date of indictment. *Id.; see also People v. Roscoe*, 162 Mich.App. 710, 413 N.W.2d 483 (1987); *State v. Johnson*, 92 Wash.2d 598, 599 P.2d 529 (1979).

Likewise, the Alaska Court of Appeals has repeatedly held that the speedy trial clock begins to run when a defendant is indicted, rather than when arrested on other offenses or for probation violations. *Harmon v. State*, 908 P.2d 434 (Alaska Ct.App.1995) (holding that the speedy trial clock for state charges did not begin to run when the defendant was taken into custody by federal authorities on federal charges, but rather when he was indicted for the state charges); *Demientieff v. State*, 814 P.2d 745 (Alaska Ct.App. 1991) (holding that the defendant's arrest for parole violations did not trigger the running of the speedy trial clock on murder charges, even though the murder charge arose from the same conduct as the parole violations); *Knowlton v. State*, 795 P.2d 1287, 1288–89 (Alaska Ct.App.1990) (holding that arrest of a parolee for parole violation does not trigger the speedy trial period for the underlying offense); *see also Bailey v. Anchorage*, 955 P.2d 947 (Alaska Ct.App.1998).

"The right to a speedy trial on a charge is triggered by arrest only where the arrest is the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which defendant is eventually tried." *Acha v. U.S.*, 910 F.2d 28, 30 (1st Cir.1990) (quoting *U.S. v. Stead*, 745 F.2d 1170, 1172 (8th Cir.1984)). As for an escapee's return to custody, "courts have held that the delay between a prisoner's recapture and his subsequent indictment for escape does not violate his right to a speedy trial." *Id.* at 31 (citing *U.S. v. Zukowski*, 851 F.2d 174, 177 (7th Cir.), *cert. denied*, 488 U.S.

868, 109 S.Ct. 174, 102 L.Ed.2d 144 (1988); *U.S. v. Sairafi,* 801 F.2d 691, 692 (4th Cir. 1986); *Stead, supra,* 745 F.2d at 1172–73; *U.S. v. Wilson,* 690 F.2d 1267, 1276 (9th Cir.1982), *cert. denied,* 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983)).

The Eighth Circuit's reasoning in *Stead* is informative:

> Defendant argues that his recapture or "arrest" triggered Section 3161(b) of the Speedy Trial Act because he was held in custody from his recapture until his indictment for escape. However, it is apparent that defendant was not "arrested" or held for the crime of escape. There was never any complaint for escape, as would have been required to hold defendant for that crime; and defendant was subject to recapture and continued custody based on his original conviction. Thus[,] defendant's recapture was not the beginning of continuing restraints on his liberty imposed in connection with the escape charge. Rather, the restrictions on defendant's liberty were based on his original conviction. It follows that defendant's recapture did not trigger his right to a speedy trial for escape.

*Stead,* 745 F.2d at 1173 (quoted in *Acha,* 910 F.2d at 31). *See also Cowart v. Hargett,* 16 F.3d 642, 645 (5th Cir.), *cert. denied,* 513 U.S. 886, 115 S.Ct. 227, 130 L.Ed.2d 153 (1994) ("A defendant's speedy trial rights attach only when he is formally charged with a crime or actually restrained in connection with that crime" (citation and internal quotation marks omitted)).

For these reasons, we conclude that Defendant's reincarceration to continue serving his sentences for prior felony convictions does not justify starting the HRPP Rule 48 clock on the date of his arrest. Rather, the clock started on the dates of Defendant's indictments, 154 days (drug charges) and 197 days (escape charge) prior to Defendant's motion to dismiss. Therefore, the State still had twenty-six days in which to bring the

drug charges to trial, not counting any applicable excludable periods under HRPP Rule 48(c). Although the period for bringing the escape charge to trial is seventeen days over the limit, excludable periods bring the total number of days expired to well within the 180–day period.

### B. *Excludable Periods Under HRPP Rule 48(c)*

The second step in determining if the HRPP Rule 48 period has run is to calculate any excludable periods. Once started, the Rule 48 clock is tolled by certain actions of the defendant. *See* HRPP Rule 48(c). In the instant case, the circuit court did not calculate excludable periods because, given a starting date of October 28, 1996, any periods excludable under subsection (c) would not have brought the total number of days between arrest and motion to dismiss (444 days) below the 180–day limit.[2] However, since we have concluded that the dates of indictment start the Rule 48 clock running, we must calculate and deduct any excludable periods.

Defendant's October 10, 1997 oral motion to continue, his counsel's August 18, 1997 motion to withdraw, and the periods of delay they created are *per se* excludable. HRPP Rule 48(d)(1); *see also State v. Sujohn,* 64 Haw. 516, 520, 644 P.2d 1326, 1328, *reconsideration denied,* 64 Haw. 688 (1982) (holding that "the exclusion in Rule 48(c)(1), HRPP, of periods of delay should be taken from the filing of the motion through the conclusion of the hearing on or other prompt disposition of the motion." (citation omitted)). The eight days between the granting of Defendant's first counsel's motion to withdraw and the appointment of his current counsel is excludable under HRPP Rule 48(c)(8). "Because trial could not proceed in the absence of trial counsel or a waiver of the right to counsel, this period was excluded under the 'good cause' provision of subsection (c)(8). As a general rule, 'good cause' means a sub-

---

2. The State of Hawai'i conceded that if the HRPP Rule 48 period began on October 28, 1996 for both the drug and escape cases, then the motion to dismiss should be granted:

> THE COURT: Well, if October 28th, '96 is the triggering date for both cases, then both cases are out under Rule 48, right?

[DEFENSE COUNSEL]: It is true, even before the indictment.

THE COURT: The prosecutor would concede that?

[DEPUTY PROSECUTOR]: Yes, Your Honor.

stantial reason which affords a legal excuse." *State v. Senteno*, 69 Haw. 363, 368–69, 742 P.2d 369, 373 (1987) (citation omitted). There is nothing in the record to show that Defendant waived his right to counsel.

We conclude, therefore, that the following periods are excludable under HRPP Rule 48(c):

| Time period | Days | Legal basis for exclusion |
|---|---|---|
| 08/19/97 — 09/15/97 | 27 | HRPP Rule 48(c)(1) (motion to withdraw) |
| 09/15/97 — 09/23/97 | 8 | HRPP Rule 48(c)(8) (Defendant without counsel) |
| 10/10/97 — 01/15/98 | 97 | HRPP Rule 48(c)(3) (continuance) |
| Total excluded days: | 132 | |

This leaves 115 days within which to bring the escape case to trial, and 158 days remaining for the drug case, both well within the 180–day period. Therefore, we conclude that the circuit court erroneously granted Defendant's HRPP Rule 48 motion to dismiss and that the State has 115 days remaining in which to bring the consolidated cases to trial.

## IV.  *CONCLUSION*

Because we conclude that the circuit court erred in granting Defendant's motion to dismiss, we reverse the circuit court's Dismissal Order, as well as its September 23, 1997 Judgment, and remand for proceedings consistent with this opinion.