890 P.2d 291

STATE of Hawai'i, Plaintiff–Appellee,

v.

Herbert Sui Ung LAU, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Robert Stanley MYERS, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Lisa KANESHIRO, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Tadao SEKI, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Glenn C. BISCOE, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Colin Noris REINHARDT,
Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Hedy L. MOON, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

David W. DANIELSON, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Kevin M. HANASHIRO, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Kenneth P. MEYERS, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Mark Y. MURANISHI, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

James L. COEPLAN, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Wesley H. SHODA, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

David M. ZINK, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Koyo SAWADA, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Tama Isogai CAMANGA, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Michael Patrick OXFORD,
Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Leonard A. TUCKETT, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

John Alfred ABUNDO, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Roy NAKANO, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

David E. THOMPSON, Jr.,
Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Harold E. STEINHOLFF,
Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Charles F.H. SOUZA, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Robert MIELKE, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Jerry Chuck Min TONG, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

David J. DEVINE, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Toshiyuki TOKUHARA, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Richard MEINEL, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Russell E. BURT, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Abraham L. HOKOANA, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

David Kealiiokalani AKAU,
Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Min Ho YUN, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Kenneth B. SMITH, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Lyle HAMASAKI, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Greg R. BJUGSTAD, Defendant–
Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

James PERRY, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Judi L. CARLOS, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Yang Koo PARK, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Daniel GABRIEL, Defendant–Appellant.

STATE of Hawai'i, Plaintiff–Appellee,

v.

Donnie Joe BARKER, Defendant–
Appellant.

No. 17096.

Supreme Court of Hawai'i.

Feb. 22, 1995.

Richard Crisman Linstrom and Earle A. Partington, on the briefs, Honolulu, for defendants-appellants.

James H. S. Choi, Deputy Prosecuting Atty., on the briefs, Honolulu, for plaintiff-appellee.

Before KLEIN, Acting C.J., LEVINSON, NAKAYAMA and RAMIL, JJ., and WATANABE, Circuit Judge, in place of MOON, C.J., recused.

NAKAYAMA, Justice.

In March 1992, plaintiff-appellee State of Hawai'i (State) charged defendant-appellant Herbert Sui Ung Lau with Driving Under the Influence of Intoxicating Liquor (DUI), in violation of Hawai'i Revised Statutes (HRS) § 291–4(a)(1) & (a)(2) (Supp.1992). In addition, the State charged Lau with Driving Without License in violation of HRS § 286–102 (1985). Lau demanded a jury trial and the case was committed for trial in the First Circuit Court. On April 13, 1993, sixteen months after Lau's arrest and prior to his jury trial, Lau filed a motion to dismiss all counts, claiming that his jury trial had not commenced within 180 days from his date of arrest as required by Hawai'i Rules of Penal Procedure Rule 48 (HRPP Rule 48). In the alternative, Lau moved to have the charges dismissed for: (1) failure of the court to establish time limits for disposition of DUI cases as mandated by article VI, section 1 of the Hawai'i Constitution;[1] or (2) violation of his constitutional right[2] to a speedy trial. Thirty-nine other defendants similarly situated and also charged under HRS § 291–4 filed identical motions to dismiss. The cir-

cuit court denied all of the defendants' motions to dismiss.

The defendants in this consolidated appeal each take an interlocutory appeal from the circuit court's "Order Denying Defendant's Motion to Dismiss." The defendants urge that the circuit court erroneously denied defendants' motion to dismiss by: (1) failing to apply HRPP Rule 48 to DUI cases, or in the alternative, by failing to establish or enforce a time limit for disposition; and (2) denying defendants' motion to dismiss on constitutional speedy trial grounds.

We agree with defendants' assertion that HRPP Rule 48 applies to DUI cases. Thus, we need not address the alternative argument as to a time limit for disposition. However, we do not find any violation of defendants' constitutional right to a speedy trial. We therefore reverse in part, affirm in part, and remand this case to the circuit court for proceedings consistent with this opinion.

## I. BACKGROUND

Defendant-appellant, Herbert Sui Ung Lau, was arrested on December 9, 1991 for DUI. The State charged Lau with Driving Under the Influence of Intoxicating Liquor under HRS § 291–4(a)(1) & (a)(2),[3] and Driving Without License in violation of HRS § 286–102.[4] The District Court of the First Circuit granted his demand for jury trial on February 3, 1992. Lau was arraigned in the Circuit Court of the First Circuit, State of

---

1. Article VI, section 1 of the Hawai'i Constitution provides:

    The judicial power of the State shall be vested in one supreme court, one intermediate appellate court, circuit courts, district courts and in such other courts as the legislature may from time to time establish. The several courts shall have original and appellate jurisdiction as provided by law and *shall establish time limits for disposition of cases* in accordance with their rules. (Emphasis added).

2. Although a defendant's constitutional right to a speedy trial is guaranteed by both the sixth amendment to the United States Constitution, and article I, section 14 of the Hawai'i Constitution, we will refer to these rights as a single constitutional "right."

3. HRS § 291–4 (Supp.1992) provides in relevant part:

(a) A person commits the offense of driving under the influence of intoxicating liquor if:

    (1) The person operates or assumes actual physical control of any vehicle while under the influence of intoxicating liquor, meaning that the person concerned is under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty; or

    (2) The person operates or assumes actual physical control of the operation of any vehicle with .10 per cent or more, by weight of alcohol in the person's blood.

4. The circuit court granted the State's motion to amend its complaint and charge Lau with Driving Without License under HRS § 286–102 instead of Driving While License Suspended under HRS § 286–132 (1985).

Hawai'i, on March 16, 1992, and his case was set for jury trial on January 3, 1994.

On April 13, 1993, Lau, along with thirty-nine other defendants charged with DUI, filed a motion to dismiss all counts based on the following assertions: (1) the State failed to comply with the HRPP Rule 48(b) six-month time limitation,[5] or in the alternative, the court failed to establish or enforce a time limit for disposition in accordance with article VI, section 1, of the Hawai'i Constitution;[6] and (2) the delay in bringing the defendants' cases to trial was a violation of their constitutional right to a speedy trial. The circuit court consolidated defendants' cases for a hearing on the motions.

A hearing was held on April 16, 1993, and the circuit court orally denied the motions. The court, relying on *State v. Leatiota*,[7] 69 Haw. 253, 739 P.2d 930 (1987), ruled that HRPP Rule 48 did not apply to DUI charges. In addition, the court ruled that defendants failed to establish that their constitutional right to a speedy trial was violated, as defendants made no showing of actual prejudice.

On May 6, 1993, the circuit court filed an order denying defendants' motions to dismiss and an order granting leave to file an interlocutory appeal pursuant to HRS § 641–17 (1985). Defendants now appeal the denial of their motions to dismiss.

## II. *STANDARD OF REVIEW*

When interpreting rules promulgated by the court, principles of statutory construction apply. *Keaulii v. Simpson*, 74 Haw. 417, 421, 847 P.2d 663, 666, *reconsideration denied*, 74 Haw. 650, 853 P.2d 542, *cert. denied*, —— U.S. ——, 114 S.Ct. 61, 126 L.Ed.2d 31 (1993). Interpretation of a statute is a question of law which we review *de novo*. *Richardson v. City and County of Honolulu*, 76 Hawai'i 46, 63, 868 P.2d 1193, 1210, *reconsideration denied*, 76 Hawai'i 247, 871 P.2d 795 (1994). Therefore, interpreta-

tion of HRPP Rule 48 is a question of law reviewable *de novo*.

The lower court's determination that defendants' constitutional right to a speedy trial was not violated, as a conclusion of law, is also reviewed *de novo*. *State v. Furutani*, 76 Hawai'i 172, 873 P.2d 51 (1994).

## III. *DISCUSSION*

### A. *Rule 48*

HRPP Rule 48(b) provides in relevant part:

> *By Court. Except in the case of traffic offenses,* the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:
>
> (1) the date of arrest. . . .

(Emphasis added.)

Defendants first assert that the trial court should have dismissed their cases pursuant to HRPP Rule 48(b), contending that, contrary to our holding in *Leatiota, supra*, a DUI charge is a "criminal offense" rather than a "traffic offense" and therefore subject to the provisions of HRPP Rule 48. We agree.

In *Leatiota*, the defendant appealed from a conviction for DUI, arguing that, because there were delays in trying him, he was denied the right to a speedy trial and the charges against him should have been dismissed pursuant to HRPP Rule 48(b). This court held that DUI is a "traffic offense" and thus excepted from the provisions of HRPP Rule 48. The rationale underlying this conclusion was that HRS § 291–4 appears in a chapter of the HRS entitled "Traffic Violations." *Leatiota*, 69 Haw. at 253, 739 P.2d at 930.

Under this rationale, all offenses under HRS Chapter 291 would be "traffic offenses" and exempt from dismissal pursuant to HRPP Rule 48. In addition, because HRS

---

**5.** HRPP 48(b) provides in relevant part:

> *By Court.* Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:
>
> (1) the date of arrest. . . .

**6.** *See supra* note 1.

**7.** In *Leatiota*, this court held that a DUI charge is a "traffic offense" and therefore not subject to the provisions of HRPP Rule 48(b).

Chapter 291C is entitled "Traffic Code," all offenses under Chapter 291C would also be exempt from dismissal pursuant to HRPP Rule 48. However, in light of the many provisions under Chapter 291 and 291C that authorize a term of imprisonment, we believe that such a bright line rule would unjustifiably give dispositive weight to the mere title of a chapter and exclude the very type of offense HRPP Rule 48 was designed to cover. The mere fact that an offense is related to the operation of a vehicle should not automatically exempt the application of HRPP Rule 48. For example, HRS § 291C–12 (Supp.1992),[8] entitled "Accidents Involving Death or Serious Bodily Injury" (commonly referred to as "failure to render assistance") appears in HRS Chapter 291C entitled "Traffic Code." This offense is clearly related to the operation of a vehicle and is a "class B" felony, punishable by a 10–year term of imprisonment. *Cf. State v. Isomura,* 9 Haw.App. 333, 839 P.2d 1186, *cert. denied,* 74 Haw. 652, 843 P.2d 144 (1992) (concluding that although the pre-Code version of HRS 291C–12(b) provided for a ten-year term of imprisonment, it did not specifically classify the offense as a class B felony and defendant was therefore entitled, pursuant to HRS § 706–610(2) (Supp.1991), to be sentenced for a class C felony). However, under the rationale applied in *Leatiota,* failure to render assistance would be considered a "traffic offense" and the constraints of HRPP Rule 48 would not apply. This would clearly be a misapplication of the "traffic offense" exception of HRPP Rule 48. Indeed, it would be absurd to apply the provisions of HRPP Rule 48 to a person charged with disorderly conduct (HRS § 711–1101)[9] or desecration (HRS § 711–1107),[10] but not to a failure to render assistance charge where an accused faces a possible ten-year prison term. Accordingly, we question the rationale of this court's earlier decision and deem it necessary to re-examine whether DUI is a "traffic offense" or a "criminal offense" for the purpose of determining the applicability of HRPP Rule 48.

A review of the relevant statutory provisions pertaining to criminal conduct leads us to conclude that DUI is a criminal offense. HRS § 701–107(1) (1992) provides in relevant part, "An offense defined by this Code or by any other statute of this State for which a sentence of imprisonment is authorized constitutes a crime." In addition, HRS § 701–107(5) (1985) provides that an offense punishable only by a fine is a violation and not a crime:

> An offense defined by this Code or by any other statute of this State constitutes a violation if it is so designated in this Code or in the law defining the offense or if no other sentence than a fine, or fine and forfeiture or other civil penalty, is authorized upon conviction or if it is defined by a statute other than this Code which provides that the offense shall not constitute a crime. A violation does not constitute a crime, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense.

Because HRS § 291–4 authorizes a sentence of imprisonment, DUI is therefore clearly a crime under the definition in HRS § 701–107(1). *State v. O'Brien,* 5 Haw.App.

---

8. HRS § 291C–12 (Supp.1992) provides in relevant part:
   (a) The driver of any vehicle involved in an accident resulting in serious bodily injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of HRS § 291C–14. Every such stop shall be made without obstructing traffic more than is necessary.
   (b) Any person who violates subsection (a) shall be guilty of a class B felony.

9. HRS § 711–1101 (1985) provides in relevant part:

(3) Disorderly conduct is a petty misdemeanor if it is the defendant's intention to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a violation.
   A petty misdemeanor is punishable by a sentence of imprisonment not exceeding thirty days. HRS § 706–663 (Supp.1992).

10. Desecration is a misdemeanor, HRS § 711–1107(3) (1985), punishable by a sentence of imprisonment not exceeding one year. HRS § 706–663.

491, 498, 704 P.2d 905, 911, *aff'd,* 68 Haw. 38, 704 P.2d 883 (1985). Furthermore, HRS § 291–5(a) and (b) contemplate that individuals who violate HRS § 291–4 will be subject to *criminal prosecution.*[11] Therefore, because HRS § 291–4 and § 291–5 authorize a sentence of imprisonment pursuant to a criminal prosecution, DUI is clearly a criminal offense. *See State v. Uehara,* 68 Haw. 512, 515, 721 P.2d 705, 706 (1986) (characterizing DUI as a criminal offense).

HRPP Rule 48 was adopted in part to ensure the speedy, efficient resolution of cases in which a person is charged with a criminal offense and is subject to a possible term of imprisonment. To interpret the "traffic offense" exception as applying to any offense related to the operation of a vehicle would undermine the underlying policy reasons for the adoption of HRPP Rule 48. As we stated in *State v. Estencion:*

> The purpose of Rule 48 is to ensure an accused a speedy trial, which is separate and distinct from [the] constitutional protection to a speedy trial. And, its purpose is also in furtherance of policy considerations to relieve congestion in the trial court, to promptly process all cases reaching the courts, and to advance the efficiency of the criminal justice process.
>
> Unreasonable delay in the determination of criminal action subverts the public good and disgraces the administration of justice, and the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence is inherent and exists independently of statute.

63 Haw. 264, 268, 625 P.2d 1040, 1043 (1981) (citations and footnote omitted); *see also State v. Coyaso,* 73 Haw. 352, 833 P.2d 66 (1992).

Notwithstanding the fact that HRPP Rule 48 is "separate and distinct" from its constitutional counterparts,[12] both provisions seek to ensure the speedy resolution of criminal prosecutions, particularly where a person may suffer a restraint on his or her liberty. A DUI offense is clearly a "crime" and subjects an accused to criminal prosecution. More significantly, an individual convicted of DUI is subject to a possible term of imprisonment. HRPP Rule 48 was intended to apply to this very type of situation.

The State, citing *State v. Busby,* 71 Haw. 408, 793 P.2d 1187 (1990), contends that although "the penalties applicable to the DUI offense clearly evidences the 'criminal' nature of the offense, such offense continues to maintain its second character or nature" (*i.e.* DUI remains a "traffic offense" for purposes of HRPP Rule 48).

In *Busby,* this court addressed the issue of whether violations of HRS § 286–155[13] (refusal to submit) are "traffic" or "civil" cases. The defendant in *Busby* made a request for admissions pursuant to the District Court Rules of Civil Procedure Rule 36. The State failed to respond and defendant moved to dismiss. In denying the motion, the district court found that violations of HRS § 286–155 are "traffic" and not "civil" cases. Accordingly, the district court ruled that Rule 36 of the District Court Rules of Civil Procedure did not apply and that Rule 33(a) of the Rules of the District Courts of the State of Hawai'i applied to violations of HRS § 286–155.

On appeal, we affirmed the district court ruling. Initially, this court stated that refusal to submit cases are neither small claims cases nor *criminal* cases. *Id.* 71 Haw. at 409–10, 793 P.2d at 1188. Thus, the case was either a civil case or a traffic case. In making our determination, we noted that the revocation of a driver's license "is directly related to traffic safety" and "is intended to facilitate enforcement of the DUI statute," which this court regarded as a "traffic offense" in *Leatiota. Id.* 71 Haw. at 410, 793 P.2d at 1188 (citations omitted). Further-

---

11. HRS § 291–5(a) & (b) (1985) begin with the following statement:
    "In any criminal prosecution for a violation of section 291–4 . . . ."

12. Sixth amendment to the United States Constitution, and art. I, section 14 of the Hawai'i Constitution.

13. Refusal to submit cases involve the revocation of driving privileges for refusal to submit to breath or blood alcohol testing. *See* HRS § 286–155 (1985).

more, this court reasoned that "prosecutors are empowered to try cases of refusal to submit to a breath or blood test, a characteristic common to traffic rather than civil proceedings." *Id.* (citation omitted). Therefore, this court held that refusal to submit cases are "traffic" and not "civil" cases. *Id.*

*Busby* is clearly distinguishable from the present appeal because the offense involved did not prescribe a term of imprisonment. Thus, classifying an offense as either "criminal" as opposed to "traffic" was not at issue. Although the State concedes that *Busby* is distinguishable, the State relies on it to demonstrate that: (1) the concept of a criminal prosecution does not make the particular offense a "criminal" offense for purposes of HRPP Rule 48; and (2) an offense can be considered "criminal" in nature but nevertheless be deemed a "traffic" offense.

As to the State's first proposition, we agree. In refusal to submit cases, the offense is considered a "traffic" offense even though the accused is subject to "criminal" prosecution. However, a person accused of refusal to submit is not subject to a term of imprisonment. In DUI cases, the accused is subject to criminal prosecution and faces the possibility of a term of imprisonment.[14] Therefore, while the possibility of a "criminal" prosecution alone does not make an offense a "crime," a criminal prosecution coupled with a possible term of imprisonment does constitute a "crime."

As to the State's second proposition, the State cites the following passage in support of its contention:

> Although we have stated on several occasions that refusal to submit cases are "civil in nature," *see, e.g., State v. Severino,* 56 Haw. 378, 537 P.2d 1187 (1975); *State v. Uehara,* 68 Haw. 512, 721 P.2d 705 (1986);

*cf. State v. Winchester,* 69 Haw. 600, 752 P.2d 105 (1988), the "civil" description was only used to distinguish refusal to submit cases from *criminal* cases. In the above cases, whether a refusal to submit case was a *traffic* case as opposed to a civil case was not at issue.

*Busby,* 71 Haw. at 410, 793 P.2d at 1188 (emphasis in original).

The State asserts that refusal to submit cases are considered "traffic" cases, even though "civil" in nature, and contends by analogy that DUI cases should be considered "traffic offenses" even though they are "criminal" in nature. The State's argument is not persuasive. As the court in *Busby* made clear, the "civil" description was used only to distinguish refusal to submit cases from *criminal* cases. It was not a description to be used in all situations because classification of the nature of an offense may depend on the purpose of the classification.

■ For the foregoing reasons, we conclude that an accused who faces the possibility of imprisonment for any period of time is entitled to the protections of HRPP Rule 48, regardless of whether the offense is related to the operation of a vehicle. Accordingly, we hold that DUI is a "criminal offense" and not a "traffic offense" for purposes of HRPP Rule 48, and we expressly overrule *Leatiota.* We further hold that the "traffic offense" exception of HRPP Rule 48 applies exclusively to "all violations of statutes, ordinances, or rules relating to traffic movement and control, including parking, standing, equipment, and pedestrian offenses, for which the prescribed penalties do not include imprisonment" (*i.e.* "traffic infractions"). *See* HRS § 291D–2 (1993) (effective July 1, 1994).

---

14. HRS § 291–4(b)(1) (Supp.1992 & Comp.1993) provides:

(b) A person committing the offense of driving under the influence of intoxicating liquor shall be sentenced as follows without possibility of probation or suspension of sentence:

(1) For a first offense, or any offense not preceded within a five-year period by a conviction under this section, by:

(A) A fourteen-hour minimum alcohol abuse rehabilitation program ...; and

(B) Ninety-day prompt suspension of license ...; and

(C) Any one or more of the following:

(i) Seventy-two hours of community service work;

(ii) *Not less than forty-eight hours and not more than five days of imprisonment;* or

(iii) A fine of not less than $150 but not more than $1000.

(Emphasis added.)

## B. *Constitutional Right to Speedy Trial*

A violation of HRPP Rule 48 entitles the defendants to have the trial court dismiss the charges against them "with or without prejudice." HRPP Rule 48(b). But defendants also assert a violation of their constitutional right to a speedy trial, and "[t]he only remedy for the violation of an accused's right to a speedy trial is dismissal *with prejudice.*" *State v. Nihipali,* 64 Haw. 65, 67 n. 4, 637 P.2d 407, 408 n. 4 (1981) (citing *Strunk v. United States,* 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973)) (emphasis added). Therefore, if we find that defendants' constitutional right to a speedy trial was violated, the charges against them would have to be dismissed with prejudice.

■ Under the sixth amendment to the United States Constitution and article I, section 14 of the Hawai'i Constitution, an accused is guaranteed the right to a speedy trial in all criminal prosecutions.

> Whether the Government has violated an accused's right to a speedy trial is determined by applying the four-part test articulated in *Barker v. Wingo,* 407 U.S. 514, [92 S.Ct. 2182, 33 L.Ed.2d 101] (1972), and adopted by this court in *State v. Almeida,* 54 Haw. 443, 509 P.2d 549 (1973), to the particular facts in each case. The four factors to be considered in determining whether dismissal is warranted are: (1) length of the delay; (2) reasons for the delay; (3) defendant's assertion of his right to speedy trial; and (4) prejudice to the defendant. *Barker, supra* [407 U.S.] at 530[, 92 S.Ct. at 2192]. Because the right to speedy trial, unlike other rights guaranteed by the [United States and Hawai'i] Constitution[s], is unusually amorphous and serves to protect the separate, often conflicting interests of the accused and of the public in the speedy disposition of cases, the weight accorded each of these factors is to be determined on an *ad hoc* basis. "None of these four factors is to be

regarded 'as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial,' but rather 'they are related factors and must be considered together with such circumstances as may be relevant.'" *State v. English,* 61 Haw. 12, 16 n. 6, 594 P.2d 1069, 1072–73 n. 6 [ (1979) ], quoting *Barker, supra* [407 U.S.] at 533 [, 92 S.Ct. at 2192].

*State v. Wasson,* 76 Hawai'i 415, 419, 879 P.2d 520, 524 (1994) (quoting *State v. Nihipali,* 64 Haw. at 67–68, 637 P.2d at 410–11) (footnote omitted).

In these consolidated appeals, the relevant circumstances surrounding each case are the same or very similar. Neither the State nor the defendants indicate any significant differences among the individual defendants other than the length of the delay. Therefore, we will apply the *"Barker* test" to the defendants' cases as a whole.

### 1. *Length of the Delay*

■ "The length of the delay is to some extent a triggering mechanism" to the other *Barker* factors. *State v. Almeida,* 54 Haw. 443, 447, 509 P.2d 549, 552 (1973) (quoting *Barker v. Wingo,* 407 U.S. 514, 530–31, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972)). "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* The precise length of the delay that will be considered "presumptively prejudicial" depends upon the facts of each case. *Wasson,* 76 Hawai'i at 419, 879 P.2d at 524 (citing *Barker,* 407 U.S. at 530–31, 92 S.Ct. at 2192).

In these consolidated appeals, the defendants became "accused" when they were arrested for DUI.[15] The length of delay from the date of arrest until the filing of the motion to dismiss ranged from six months to twenty-four months. In the past, we have considered a delay of seven months between

---

15. In discussing when the right to a speedy trial attaches, this court has stated:
> This right attaches the moment a person becomes an "accused." In this jurisdiction, "accused" denotes the point at which a formal indictment or information has been returned

against a person or when he becomes subject to actual restraints on his liberty imposed by arrest, whichever first occurs.

*State v. Nihipali,* 64 Haw. 65, 67, 637 P.2d 407, 410 (1981) (citing *State v. Bryson,* 53 Haw. 652, 655, 500 P.2d 1171, 1173 (1972)).

indictment and arrest sufficient to trigger an inquiry into the other *Barker* factors. *See Almeida, supra.* These consolidated cases all involve delays of at least six months, and we deem this sufficient to warrant an inquiry into the other *Barker* factors.[16]

### 2. *Reasons for the Delay*

In *Barker*, the United States Supreme Court stated that "different weights should be assigned to different reasons" for the delay. 407 U.S. at 531, 92 S.Ct. at 2192. *See also Wasson,* 76 Hawai'i at 420, 879 P.2d at 525. As noted in *Barker*, "[a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government[,]" *id.,* while "[a] more neutral reason such as negligence or overcrowded courts should be weighted less heavily[.]" *Id.* In this case, the defendants contend that "court congestion and the prosecutor's determination to try every case are the reasons for the delay." The State concedes that court congestion was and is present but argues that this should not weigh heavily against the State because of the unique circumstances which resulted in that congestion. The "unique circumstance" the State refers to is the increase in demands for jury trials following our decision in *State v. Jordan,* 72 Haw. 597, 825 P.2d 1065 (1992), where we determined that despite an amendment to HRS § 291-4, defendants charged with DUI continue to have a constitutional right to a trial by jury. Thereafter, in *State v. Wilson,* 75 Haw. 68, 856 P.2d 1240 (1993), we did not explicitly overrule *Jordan* but implied that first-time DUI offenders are not entitled to a jury trial because the legislature considers first-time DUI offenses constitutionally "petty." Finally, in *State v. Nakata,* 76 Hawai'i 360, 878 P.2d 699 (1994), we explicitly overruled *Jordan* to the extent that it granted *first-time* DUI offenders a right to a trial by jury. The State contends, therefore, that the progression of case law in Hawai'i dealing with DUI and the right to a trial by jury constitute "unique circumstances" that have led to the backlog of cases.

Although this contention has some merit, the State gives no indication that any of the defendants are responsible for the delay in bringing them to trial. Therefore, while court congestion is a "more neutral" reason that "counts less heavily against the State than would a deliberate delay ... it nevertheless still tips the scales in favor of [the defendants], 'since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'" *Wasson,* 76 Hawai'i at 420, 879 P.2d at 525 (citations omitted).

We therefore hold that the second *Barker* factor weighs in favor of the defendants.

### 3. *Assertion of the Right to a Speedy Trial*

The third *Barker* factor to consider is whether the defendant asserted his or her right to a speedy trial. "[F]ailure to assert the right will make it difficult for a defendant to prove that he [or she] was denied a speedy trial." *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193. Determining whether and how a defendant asserts his or her right to a speedy trial is closely related to the other *Barker* factors. *Id.* at 531, 92 S.Ct. at 2192. Accordingly, the assertion of one's right to a speedy trial "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Id.* at 531–32, 92 S.Ct. at 2192–93. However, these assertions must be viewed in light of the defendant's other conduct. *United States v. Loud Hawk,* 474 U.S. 302, 314, 106 S.Ct. 648, 655, 88 L.Ed.2d 640 (1986).

In the present case, the defendants raised their constitutional speedy trial right as a ground for dismissal of their cases. When the motions to dismiss were filed on April 13, 1993, a period ranging from six to twenty-four months had passed since the defendants' dates of arrest. On the record before us, it appears that none of the defendants asserted their right to a speedy trial because the defendants failed to establish that a *demand* for a speedy trial was made in any of the cases. However, defendants contend that

---

**16.** The State concedes that "an examination of the remaining three *Barker* factors would be ap-

propriate in this case." Answering Brief at 11.

this factor is not important here because assertion of the constitutional right to a speedy trial "would have been an exercise in futility." Although we are aware that "a defendant does not waive his or her right to a speedy trial by failing to demand one," *Wasson*, 76 Hawai'i at 420, 879 P.2d at 525 (citing *Barker*, 407 U.S. at 527, 92 S.Ct. at 2190), that does not mean that a defendant is relieved of the responsibility of asserting that right. *Id.*

In this case, none of the defendants made a demand for a speedy trial. Rather, the defendants moved only to have the charges dismissed, and "an assertion that charges be dismissed for a speedy trial violation is not a protected value under *Barker.*" *Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 227, 130 L.Ed.2d 153 (1994) (citing *Hill v. Wainwright*, 617 F.2d 375, 379 (5th Cir.1980)). This court has previously stated that a motion to dismiss on speedy trial grounds is "tantamount to an assertion of his [or her] constitutional right to a speedy trial." *Nihipali*, 64 Haw. at 70 n. 5, 637 P.2d at 412 n. 5. "However, unless the motion to dismiss is accompanied in some way by an alternative demand, even if made implicitly, for a speedy trial, it does not necessarily indicate that the defendant actually wants to be tried immediately." *Wasson*, 76 Hawai'i at 421, 879 P.2d at 526 (citing *Loud Hawk*, 474 U.S. at 314, 106 S.Ct. at 655). Because defendants fail to identify any other conduct evidencing a desire to be brought to trial immediately, we are not convinced that their motions to dismiss on speedy trial grounds was the equivalent of a demand for a speedy trial.

■ The defendants may also argue that the motions to dismiss on speedy trial grounds were made well in advance of trial and should be considered as a demand for a speedy trial. However, regardless of how far in advance of trial the defendants' filed their motions to dismiss, "in the absence of some other indication that a defendant making a motion to dismiss actually desires a speedy trial, the motion, standing alone, does not weigh in his or her favor." *Id.* (citing *Cowart*, 16 F.3d at 646). Therefore, a motion to dismiss based on speedy trial grounds, even

if made well in advance of trial, does not necessarily constitute a demand for a speedy trial. Accordingly, we find that defendants did not assert their right to a speedy trial, and the third *Barker* factor weighs in favor of the State.

### 4. *Prejudice to Defendant*

We now turn to the fourth *Barker* factor and determine whether there was any prejudice to the defendants. In *Barker*, the United States Supreme Court stated:

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past.

*Barker*, 407 U.S. at 532, 92 S.Ct. at 2193 (footnote omitted). Because none of the defendants in this case are incarcerated, we are concerned only with the second and third interests enumerated in *Barker.*

As to the second interest which the right to a speedy trial protects, the defendants allege that they suffer from increased anxiety and concern due to increased automobile insurance premiums. Although " 'a mere assertion that one had been upset or concerned about a pending criminal prosecution is not sufficient' to establish prejudicial anxiety[,]" *State v. Ferraro*, 8 Haw.App. 284, 300, 800 P.2d 623, 632 (1990) (quoting *Reed v. United States*, 383 A.2d 316, 320 (D.C.), *cert denied,* 439 U.S. 871, 99 S.Ct. 203, 58 L.Ed.2d 183 (1978)), the defendants in the present case assert a financial hardship as the basis for the anxiety. The United States Supreme Court has recognized that "prejudice to a defendant caused by delay in bringing him [or her] to trial is not confined to the possible prejudice to his defense in those proceed-

ings." *Moore v. Arizona,* 414 U.S. 25, 26–27, 94 S.Ct. 188, 190, 38 L.Ed.2d 183 (1973). In addressing the issue of prejudice in the speedy trial context, the Court in *Moore* quoted from Justice White's concurring opinion in *Barker:*

> [W]holly aside from possible prejudice to a defense on the merits, [inordinate delay] may "seriously interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971).

*Moore,* 414 U.S. at 27, 94 S.Ct. at 190 (quoting *Barker,* 407 U.S. at 537, 92 S.Ct. at 2195).

In the present case, the defendants' insurance carriers assessed "points" to policy holders who had violations outstanding for a period of six months or longer. Although those policy holders with "points" may have been subject to higher insurance premiums, the circuit court concluded that the increase in insurance premiums did not create a degree of anxiety sufficient to warrant the dismissal of charges. We agree. There is no evidence in the record to indicate an increase in insurance premiums to an extent sufficient to warrant a finding of substantial prejudice to the defendants. Furthermore, if the defendants were suffering severe financial prejudice and anxiety, one would expect them to have made a demand for a speedy trial at some point prior to the filing of the motion to dismiss. "[T]he government will prevail unless the defendant offers objective, contemporaneous evidence of anxiety, such as prompt and persistent assertion of the desire for a speedy trial coupled with a demonstrable basis for the court's believing the delay is traumatic." *State v. Ferraro,* 8 Haw.App. at 300, 800 P.2d at 632 (quoting *Parks v. United States,* 451 A.2d 591, 602 (D.C.1982), *cert. denied,* 461 U.S. 945, 103 S.Ct. 2123, 77 L.Ed.2d 1303 (1983)). Although we do not intend to minimize the potential hardships insurance companies impose on persons charged with or convicted of DUI, we are not convinced on the record before us that such hardships created the form of prejudice that should weigh in favor of the accused.

We now turn to the "most serious" interest protected by the right to a speedy trial—limiting the possibility that the defense will be impaired. In this case, the defendants make no attempt to show that the delay has impaired their defense in any way. In defendants' affidavits of counsel, counsel asserts that "any witnesses will probably be unable to recall accurately the events preceding Defendant's arrest due to the passing of time." We are not persuaded by this general assertion that fails to identify any particular witness who may suffer significant memory loss. "[The] *possibility* of prejudice is not sufficient to support [defendants'] position that their speedy trial rights were violated." *Loud Hawk,* 474 U.S. at 315, 106 S.Ct. at 656 (emphasis added). Furthermore, because the prosecution bears the burden of proving its case beyond a reasonable doubt, a long delay may make it difficult or even impossible for the prosecution to meet its burden. *Id.* We therefore hold that the defendants have failed to demonstrate that the delay has impaired their defense in any way.

In light of the interests which the speedy trial right was designed to protect, we believe that the defendants have not suffered any actual prejudice. We are aware that a showing of actual prejudice to the defense is neither sufficient nor necessary to every speedy trial claim. Nevertheless, an exceedingly long delay in bringing an accused to trial, which is not caused or consented to by the accused, may create such a strong presumption of prejudice that, if not "persuasively rebutted" by the prosecution, "will entitle the accused to relief, even absent specifically demonstrable prejudice." *Wasson,* 76 Hawai'i at 422, 879 P.2d at 527 (citing *Doggett v. United States,* —— U.S. ——, ——, 112 S.Ct. 2686, 2694, 120 L.Ed.2d 520 (1992)). However, because the instant case does not involve any "exceedingly long delays," there is no strong presumption of prejudice, and defendants are not entitled to dismissal solely on the basis of the length of the delay.

*5. Conclusion on the Speedy Trial Claim*

■ Our *Barker* analysis leads us to hold that the defendants were not deprived of

**66**

their constitutional right to a speedy trial. Although the second *Barker* factor (reason for the delay) weighs in favor of the defendants, it is outweighed by the facts that: (1) the defendants failed to assert their right to a speedy trial; and (2) the defendants failed to demonstrate that they were actually prejudiced by the delay in bringing them to trial. We therefore hold that the circuit court properly denied defendants' motions to dismiss for violation of their constitutional right to a speedy trial.

### IV.  CONCLUSION

For the foregoing reasons, we reverse the circuit court's ruling on the applicability of HRPP Rule 48 to DUI cases and remand the cases to the circuit court for a HRPP Rule 48 hearing to determine the merits of each case. However, we affirm the circuit court's ruling denying defendants' motions to dismiss for violation of their constitutional right to a speedy trial.