893 P.2d 795

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**James Everett DWYER, Defendant–Appellant.**

**No. 17911.**

Supreme Court of Hawai'i.

May 9, 1995.

Richard Crisman Linstrom, on the briefs, Honolulu, for defendant-appellant.

Russell Blair, II, Deputy Prosecuting Atty., on the briefs, Honolulu, for plaintiff-appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

NAKAYAMA, Justice.

Defendant–Appellant James Everett Dwyer (Appellant) appeals from the judgment, conviction, and sentence for driving under the influence of intoxicating liquor (DUI). On appeal, Appellant contends that the circuit court erred by: (1) failing to apply Hawai'i Rules of Penal Procedure Rule 48 (HRPP Rule 48) to his DUI charges, or in

the alternative, by failing to establish or enforce a time limit for disposition; and (2) denying his motion to dismiss on constitutional speedy trial grounds.

Based upon our recent decision in *State v. Lau*, 78 Hawai'i 54, 890 P.2d 291 (1995), we vacate the circuit court's ruling on the applicability of HRPP Rule 48 and remand this case to the circuit court for a HRPP Rule 48 hearing on the merits. We affirm, however, the circuit court's denial of Appellant's motion to dismiss for violation of his constitutional right to a speedy trial.

## I. BACKGROUND

On July 22, 1990, Appellant was arrested for DUI. By complaint filed on October 29, 1990, the State of Hawai'i (State) charged Appellant with DUI in violation of Hawai'i Revised Statutes (HRS) §§ 291–4(a)(1) & (a)(2) (1985). Appellant was arraigned in the District Court of the First Circuit, State of Hawai'i. Appellant made a demand for jury trial, whereby the case was committed to the Circuit Court of the First Circuit, State of Hawai'i on September 26, 1990. Thereafter, on November 5, 1990, Appellant was arraigned in the circuit court and his case was set for jury trial on May 6, 1991.

On May 6, 1991, the case was called for trial but, for reasons not stated in the record, the case was continued. On February 3, 1992, the case again was called for trial but was continued at the State's request. Thereafter, on April 13, 1993, Appellant filed a motion to dismiss all counts for violation of HRPP Rule 48, or in the alternative for failure to establish or enforce a time limit for disposition, or in the alternative for failure to afford Appellant a speedy trial. The circuit court denied Appellant's motion on June 18, 1993. On December 6, 1993, Appellant's case was called for trial for the third time, but was continued because Appellant's counsel was ill.

Finally, on February 7, 1994, Appellant's case came on for trial and Appellant entered a plea of no contest to the DUI charges. The circuit court then entered a judgment and sentence, staying the sentence pending appeal. Appellant now appeals the denial of his motion to dismiss.

## II. DISCUSSION

### A. HRPP Rule 48

Appellant first contends that the circuit court erred by failing to apply HRPP Rule 48 to his DUI charges, or in the alternative by failing to establish or enforce a time limit for disposition. We agree.

In *Lau*, we held that, for purposes of HRPP Rule 48, DUI is a criminal offense and therefore subject to the time limitations of HRPP Rule 48. Accordingly, we hold that the circuit court erred in its ruling on the applicability of HRPP Rule 48 to DUI cases. We therefore remand this case, as we did in *Lau*, to the *circuit* court for a HRPP Rule 48 hearing on the merits. We note that *Lau* spoke only to jury demand cases before the circuit court, and jurisdiction was not at issue. However, because there has been some confusion in regard to DUI cases as to the proper forum on remand for a HRPP Rule 48 hearing, we now address this issue to explain the basis of our decision to remand to the circuit court.

In *Lau*, the State charged Defendants with "first offense DUI" and Defendants demanded jury trials. Because Defendants' demands were made prior to our decision in *State v. Nakata*, 76 Hawai'i 360, 878 P.2d 699 (1994) (holding that a charge of first offense DUI is constitutionally petty and no right to jury trial attaches), Defendants were granted jury trials. Thereafter, the Defendants' cases were committed to the circuit court because, at the time Defendants were arraigned in district court, HRS § 604–8 (1985) precluded the district court from exercising jurisdiction over *any* criminal jury trials.[1]

---

1. HRS § 604–8 (1985) provided in relevant part:
   **Criminal, misdemeanors, generally.** District courts shall have jurisdiction of, and their criminal jurisdiction is limited to, criminal offenses punishable by fine, or by imprisonment not exceeding one year whether with or without fine. They shall not have jurisdiction over any offense for which the accused cannot be held to answer unless on a presentment or indictment of a grand jury.
   In any case cognizable by a district court as aforesaid in which the accused has the right to

The cases in *Lau*, then, were procedurally before the circuit court on jury demand and the cases came up on appeal from the circuit court. Accordingly, we remanded the cases to the circuit court for a HRPP Rule 48 hearing. We now address the question whether, on remand, the circuit court is a proper forum for a HRPP Rule 48 hearing.

We begin our analysis by examining the statutory provision establishing jurisdiction in the circuit courts.

HRS § 603–21.5 (1985) provides:

**General.** The several circuit courts shall have jurisdiction, except as otherwise expressly provided by statute, of:

(1) *Criminal offenses cognizable under the laws of the State,* committed within their respective circuits or transferred to them for trial by change of venue from some other circuit court;

(2) Actions for penalties and forfeitures incurred under the laws of the State;

(3) Civil actions and proceedings, in addition to those listed in sections 603–21.6, 603–21.7, and 603–21.8.

(Emphasis added.)

■■■ In *Lau*, we held that DUI is a criminal offense and not a traffic offense. Therefore, the plain language of HRS § 603–21.5, coupled with our holding in *Lau*, clearly establishes that HRS § 603–21.5 confers jurisdiction upon the circuit court over all DUI cases. We note also that the circuit courts in this state are courts of general jurisdiction. *State v. Villados*, 55 Haw. 394, 520 P.2d 427 (1974). As such, "jurisdiction extends to all

matters properly brought before them, unless precluded by constitution or statute." *In re Chow*, 3 Haw.App. 577, 582, 656 P.2d 105, 109 (1982) (citing *In re Keamo*, 3 Haw. App. 360, 650 P.2d 1365 (1982)). We now hold that, regardless of whether a jury trial is demanded, the circuit court may properly exercise jurisdiction over DUI cases.

We next review the statute conferring criminal jurisdiction upon the district courts.

■■■ HRS § 604–8 (Supp.1992) precludes the district court from exercising jurisdiction over criminal offenses punishable by a term of imprisonment exceeding one year.[2] Prior to June 1992, HRS § 604–8 also precluded the district courts from hearing any jury trials. However, the present version of HRS § 604–8 confers upon the district court jurisdiction to hear jury trials for violations of HRS § 291–4.[3] Because any violation under HRS § 291–4 cannot result in a term of imprisonment exceeding one year, the present version of HRS § 604–8 effectively confers upon the district court jurisdiction over a person charged with any violation of HRS § 291–4, notwithstanding the number of previous DUI convictions. We note that the amendments to HRS § 604–8 had no effect on the jurisdiction of the circuit court. "[B]efore a party can claim that an act or statute has the effect of divesting jurisdiction which has regularly and fully vested, the law in favor of such divestment must be clear and unambiguous." *Villados*, 55 Haw. at 397, 520 P.2d at 430. HRS § 604–8 (Supp.1992) gives absolutely no indication of any legislative intent to confer upon the district court exclu-

---

a trial by jury in the first instance, the district court, upon demand by the accused, for such trial by jury, *shall not exercise jurisdiction* over such case, but shall examine and discharge or commit for trial the accused as provided by law. . . .
(Emphasis added.)

**2.** HRS § 604–8 (Supp.1992) provides:

**Criminal, misdemeanors, generally.** District courts shall have jurisdiction of, and their criminal jurisdiction is limited to, criminal offenses punishable by fine, or by imprisonment not exceeding one year whether with or without fine. They shall not have jurisdiction over any offense for which the accused cannot be held to answer unless on a presentment or indictment of a grand jury.

In any case cognizable by a district court as aforesaid in which the accused has the right to a trial by jury in the first instance, the district court, upon demand by the accused, for such trial by jury, shall not exercise jurisdiction over such case except violations under section 291–4, but shall examine and discharge or commit for trial the accused as provided by law, but if in any such case the accused does not demand a trial by jury on the date of arraignment or within ten days thereafter, the district court may exercise jurisdiction over the same, subject to the right of appeal as provided by law. Trial by jury for violations under section 291–4 may be heard in the district court.

**3.** *See supra* note 2.

sive original jurisdiction over DUI cases. Rather, the amendments to HRS § 604–8 simply created another forum for disposition of DUI cases and did not affect the jurisdiction of the circuit court.

■ We hold that both the circuit and district courts have concurrent jurisdiction over DUI cases. In *Lau*, then, the circuit court was a proper forum, on remand, for a HRPP Rule 48 hearing. Remanding the cases in *Lau* to the circuit court was consistent with the general practice of remanding cases to the courts from which they were appealed, assuming, of course, that the court below had jurisdiction to hear the case.

■ In the present case, Appellant's case was in circuit court on jury demand. Because Appellant's case was properly before the circuit court below, remanding to the circuit court for an HRPP Rule 48 hearing is likewise proper. Accordingly, as in *Lau*, where defendant was charged with a first offense DUI, we remand this case to the circuit court for a HRPP Rule 48 hearing on the merits. The circuit court may entertain a motion to remand this case to the district court. However, the decision to remand is left to the sound discretion of the circuit court.

B. *Constitutional Right to a Speedy Trial*

■ A violation of HRPP Rule 48 entitles the Appellant to have the trial court dismiss the charges against him "with or without prejudice." HRPP Rule 48(b). But Appellant also asserts a violation of his constitutional right to a speedy trial and "[t]he only remedy for the violation of an accused's right to a speedy trial is a dismissal *with prejudice.*" *State v. Nihipali*, 64 Haw. 65, 67 n. 4, 637 P.2d 407, 408 n. 4 (1981) (emphasis added). Therefore, if we determine that Appellant's constitutional right to a speedy trial was violated, the charges against him would have to be dismissed *with prejudice.*

■ As we stated in *Lau*, whether an accused's right to a speedy trial has been violated is determined by applying the four-part test articulated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The four factors to be considered

are: (1) length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his or her right to a speedy trial; and (4) prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2191–92. We now apply the *Barker* test to the present case.

1. *Length of the Delay*

■ The length of the delay serves as a triggering mechanism to the *Barker* analysis. *Nihipali*, 64 Haw. at 68, 637 P.2d at 411 (citations omitted). Appellant became an "accused" when he was arrested for DUI on July 22, 1990. Appellant filed his motion to dismiss on April 13, 1993. We hold that the over thirty-two month delay in commencement of Appellant's trial warrants an inquiry into the other *Barker* factors.

2. *Reasons for the Delay*

On Appellant's first trial date of May 6, 1991, his case was continued. However, we have an insufficient basis in the record to determine the reason for the continuance.

On February 3, 1992, Appellant's second trial date, his case was continued at the State's request. On December 6, 1993, Appellant's third trial date, the case was continued because Appellant's counsel was ill.

Based on the record before us, it appears that Appellant was present and ready to proceed with trial on at least one occasion (February 3, 1992), and did not attempt to deliberately delay the trial. However, it appears the State was unable to proceed with trial on February 3, 1992. Although the State did not attempt to deliberately delay Appellant's trial and was not responsible for the delay on December 6, 1993, we hold that, on balance, the second *Barker* factor weighs in favor of Appellant.

3. *Assertion of the Right to a Speedy Trial*

■ Appellant raised his constitutional speedy trial right as a ground for his motion to dismiss. However, as we stated in *State v. Wasson*, "unless the motion to dismiss is accompanied in some way by an alternative demand, even if made implicitly, for a speedy trial, it does not necessarily indicate that the defendant actually wants to be tried immedi-

ately." 76 Hawai'i 415, 421, 879 P.2d 520, 526 (1994) (citation omitted). Because Appellant fails to identify any other conduct evidencing a desire to be brought to trial immediately, we are not convinced that his motion to dismiss on speedy trial grounds was the equivalent of a demand for a speedy trial.

Accordingly, we hold that Appellant did not assert his right to a speedy trial and the third *Barker* factor weighs in favor of the State.

#### 4. *Prejudice to the Appellant*

Appellant contends that the lengthy delay subjected him to increased automobile insurance premiums, resulting in "significant actual prejudice" to him. Based on the record before us, we are not convinced that the hardship resulting from increased automobile insurance premiums created the form of prejudice that should weigh in favor of Appellant. Moreover, Appellant has failed to demonstrate that the delay has impaired his defense in any way. Accordingly, we hold that the fourth *Barker* factor weighs in favor of the State.

#### 5. *Conclusion on the Speedy Trial Claim*

Our *Barker* analysis leads us to hold that Appellant was not deprived of his constitutional right to a speedy trial. Although the second *Barker* factor (reason for the delay) weighs in favor of the Appellant, it is outweighed by the fact that: (1) Appellant failed to assert his right to a speedy trial; and (2) Appellant failed to demonstrate that he was actually prejudiced by the delay in bringing him to trial. We therefore hold that the circuit court properly denied Appellant's motion to dismiss for violation of his constitutional right to a speedy trial.

### III. *CONCLUSION*

For the foregoing reasons, we vacate the circuit court's ruling on the applicability of HRPP Rule 48 to DUI cases and remand this case to the circuit court for a HRPP Rule 48 hearing on the merits. However, we affirm the circuit court's ruling denying Appellant's motion to dismiss for violation of his constitutional right to a speedy trial.