Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000105
28-MAR-2018
07:57 AM

NO. CAAP-15-0000105


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KATHERINE MUZIK, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DTA-14-00161)


SUMMARY DISPOSITION ORDER
(By: Fujise, Acting Chief Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Katherine Margaret Muzik (Muzik) appeals from the "Findings of Fact; Conclusions of Law; Order Granting Defendant's Motion to Dismiss Based on Rule 48, Speedy Trial Without Prejudice" (Order Dismissing Charges Without Prejudice). Plaintiff-Appellee State of Hawai'i charged Muzik by amended complaint with operating a vehicle under the influence of an intoxicant (OVUII) (Count 1); and reckless driving (Count 2). The District Court of the Fifth Circuit (District Court)[1] dismissed the amended complaint without prejudice pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 48. The District Court filed its Order Dismissing Charges Without Prejudice on February 19, 2015.

On appeal, Muzik contends that: (1) the delay in bringing her case to trial violated her right to a speedy trial under the Sixth Amendment to the United States Constitution and required the dismissal of the charges with prejudice; and (2) the District Court abused its discretion under HRPP Rule 48 in

---

[1] The Honorable Joe P. Moss presided.

dismissing the charges without prejudice, instead of with prejudice. As explained below, we conclude that the pretrial delay did not violate Muzik's constitutional right to a speedy trial. We further conclude that the District Court's failure to address the Estencion factors[2] in dismissing the charges without prejudice under HRPP Rule 48 requires that we remand the case for further proceedings.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Muzik's points of error as follows:

1. Muzik's contention that the delay in bringing her case to trial violated her constitutional right to a speedy trial is without merit. In analyzing whether a defendant's constitutional right to a speedy trial has been violated, we apply the four-part test articulated in Barker v. Wingo, 407 U.S. 514 (1972). State v. Visintin, No. CAAP-14-0000391, 2018 WL 950112, at *13 (Hawaiʻi App. Feb. 20, 2018). "The four Barker factors are: (1) length of delay; (2) the reasons for the delay; (3) the defendant's assertion of his or her right to speedy trial; and (4) prejudice to the defendant." Id. (internal quotation marks and citation omitted).

The length of the twelve-month delay between Muzik's arrest and original posting of bail and her motion to dismiss was sufficient to trigger inquiry into the other Barker factors, and the second factor weighs in favors of Muzik. See State v. Lau, 78 Hawaiʻi 54, 62-63, 890 P.2d 291, 299-300 (1995). However, these two factors are outweighed by Muzik's failure to assert her right to a speedy trial prior to her motion to dismiss and her failure to demonstrate any actual prejudice from the delay in bringing her case to trial. See id. at 62-66, 890 P.2d at 299-303 (holding that the delay of up to twenty-four months between the date of arrest and the filing of the motion to dismiss did

_____

    [2]    The "Estencion factors" are: "'[(1)] the seriousness of the offense; [(2)] the facts and the circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice." State v. Hern, 133 Hawaiʻi 59, 60, 323 P.3d 1241, 1242 (App. 2013) (brackets in original) (quoting State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981)).

not violate the defendant's constitutional right to a speedy trial).

In this regard, we note that Muzik did not demonstrate that the delay in bringing her case to trial impaired her defense. See id. at 65, 890 P.2d at 302 (concluding that limiting the impairment of a defendant's defense is the most serious interest protected by the constitutional right to a speedy trial). Muzik's only claim of prejudice was that her license was administratively suspended upon her arrest for OVUII and that she faced possible new actions against her license based on the late-filed complaint. However, the timing of the filing of the complaint against Muzik does not expose her to any greater penalty regarding the revocation of her license, and she is in the same position as other individuals who are prosecuted for OVUII after their licenses have been administratively revoked. See HRS § 291E-32 (2007) ("When a person's license and privilege to operate a vehicle is [administratively] revoked under this part and the person also is convicted of an offense under section 291E-61 . . . arising out of the same occurrence, the total period of revocation imposed in the two proceedings shall not exceed the longer period of revocation imposed in either proceeding.").

Accordingly, we conclude that Muzik's constitutional right to a speedy trial was not violated.

2. In State v. Hern, 133 Hawai'i 59, 64, 323 P.3d 1241, 1246 (App. 2013), this court held that "in determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the Estencion factors, but must also clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision." Here, the District Court did not provide any explanation for its decision to dismiss the charges under HRPP Rule 48(b) without prejudice rather than with prejudice.

Contrary to Muzik's suggestion, the OVUII and reckless driving charges against her cannot be categorically classified as non-serious offenses, and the District Court should conduct a particularized inquiry in determining the seriousness of these

3

offenses. State v. Fukuoka, 141 Hawai'i 48, 56-59, 404 P.3d 314, 322-25 (2017). In addition, prejudice caused to a defendant by a trial delay is a relevant, although not a mandatory, factor for a trial court to consider in determining the impact of reprosecution on the administration of HRPP Rule 48 and on the administration of justice. Id. at 63-64, 404 P.3d at 329-30.

We conclude that the record in this case is inadequate to permit meaningful review of the District Court's exercise of discretion in dismissing the charges without prejudice. See Hern, 133 Hawai'i at 64-65, 323 P.3d at 1246-47. Accordingly, we vacate the District Court's Order Dismissing Charges Without Prejudice, and we remand the case with instructions that the District Court: (1) consider the Estencion factors in determining whether to dismiss the charges against Muzik with or without prejudice; and (2) make findings that clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision.

Based on the foregoing, IT IS HEREBY ORDERED that the District Court of the Fifth Circuit's Order Dismissing Charges Without Prejudice is vacated, and the case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, March 28, 2018.

On the briefs:

Daniel G. Hempey,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge

4